Rockingham,
No. 4312.

ARTHUR CROTEAU *v.* HARVEY AND LANDERS & a.

Argued November 3, 1954.

Decided November 30, 1954.

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendants.

BLANDIN, J.   The main issue here is whether the plaintiff's motion to reopen was properly granted.   The Court by its original decree of July 18, 1951, dismissing the petition "without prejudice to further proceedings under section 38, Laws of 1947," left it open to the plaintiff to petition for modification of the decree under the above section which, as amended by Laws 1949, *c.* 277, *s.* 4, reads as follows: "Upon application of any party in interest upon the ground of change in the conditions, mistake as to nature or extent of injury or disability, fraud, undue influence or coercion, the commissioner of labor or the superior court, whichever made the original award, may, not later than one year after the date of the last payment fixed by the award, review said award, and

upon such review, may make an order ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter . . . . "

The difficulty with the plaintiff's position is that no award within the plain meaning of *s.* 38, *supra,* which contemplates the payment of some compensation, has ever been made either by the Court or the Labor Commissioner. True, it is alleged that the parties had an agreement whereby payments were made to the plaintiff, the last one being on September 5, 1950, but there is no evidence that any memorandum of this was ever filed with or approved by the Commissioner (*cf. Therrien* v. *Company,* 99 N. H. 137), as required by Laws 1947, *c.* 266, *s.* 34, which provides: "If an employer and an injured employee enter into an agreement in regard to compensation payable under the provisions of this chapter, a memorandum thereof shall be filed with said commissioner of labor; and, if approved by him, such agreement, subject to modification as provided in section 38 shall be enforceable as provided in section 40 . . . . " Nowhere in chapter 266 or its pertinent amendments do we find any indication that the Legislature intended to make section 38 permitting modification of an award applicable to the situation here. *Weymer* v. *Industrial Commission,* 404 Ill. 271. It follows that the portion of the order attempting to permit further proceedings under section 38 is invalid. *King* v. *Kniznick,* 98 N. H. 247.

However, the plaintiff claims that if section 38 is inapplicable, the Court properly reopened the case for the introduction of newly discovered medical testimony. It is too well established here to require extended citation that "after a case has been closed, the court may, in its discretion, reopen it for the introduction of additional testimony and that the exercise of its discretion will not be revised by this court." *Ricker* v. *Mathews,* 94 N. H. 313, 316; *Manchester Amusement Co.* v. *Conn,* 80 N. H. 455, 460. No reason appears to depart from this rule. The matter had not gone to judgment as in the cases of *McGinley* v. *Railroad,* 79 N. H. 320, 321; *Watkins* v. *Railroad,* 80 N. H. 468, 476; and *Huey* v. *Company,* 81 N. H. 103, 105, cited by the defendants where the petitions for new trials were filed under R. L., *c.* 398. While it was discretionary with the Trial Court whether to require the plaintiff to support his motion by such allegations and proofs as are ordinarily contained in a petition for a new trial, he was at liberty to follow the procedure adopted in *Ricker* v. *Mathews, supra,* and decide after

hearing the parties whether justice required that the matter be reopened for the introduction of newly discovered evidence. The Court, when it dismissed without prejudice the plaintiff's original petition for compensation, found that "Further examination within a year may determine with greater clarity the extent and cause of his present complaints." This indicates strong doubts as to the finality of the medical diagnosis presented at the hearing and while the attempt by the Court to permit the plaintiff to reopen the case under section 38 was ineffectual for reasons already stated, there can be no question of the inherent power of the Court to review its own proceedings to correct error or prevent injustice. *Redlon Co.* v. *Corporation,* 91 N. H. 502. The one year limit set by section 38 being expressly restricted to situations where an award has been made has no application here and it would be contrary to common sense and our concepts of justice to deny a plaintiff in a compensation case an opportunity to have errors corrected as in other cases.

Examination of the record of the hearings upon which the Court based its order permitting the plaintiff to reopen discloses no abuse of discretion and the exception thereto is overruled. This appears to dispose of all questions now before us and the order is

*Exceptions overruled.*

All concurred.