Hillsborough,
No. 4551.

JOSEPHINE BROUSSEAU *v.* BLACKSTONE MILLS, INC. & *a.*

Argued January 3, 1957.

Decided March 26, 1957.

494

*Danais, Loughlin & Danais* (*Mr. Loughlin* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* (*Mr. Middleton* orally), for the defendants.

KENISON, C. J.   There are literally hundreds of cases that purport to lay down a general going-and-coming rule to the effect that injury sustained going to and from work does not arise out of and in the course of the employment.  *Voehl* v. *Indemnity Ins. Co.,* 288 U. S. 162; *Moosebrugger* v. *Prospect Presbyterian Church,* 12 N. J. 212; Riesenfeld, Forty Years of American Workmen's Compensation, 35 Minn. L. Rev. 525, 544.  The so-called rule has proved to be of doubtful utility and is riddled with various exceptions. "However, the rule as originally laid down was soon discovered to be an unjust one when applied in all cases of travel to and from the home of the employee, and exceptions began to multiply in form and number." 8 Schneider, Workmens Compensation (Perm. *ed.* 1951) *s.* 1710, *p.* 7.  Some authorities considered that there were four well

recognized exceptions to the going-and-coming rule (*Cardillo* v. *Liberty Mut. Ins. Co.*, 330 U. S. 469; Schneider, *supra*), while others considered that there were scores of exceptions which were multiplying from year to year. 14 NACCA Law Journal 36-46. Other commentators have recognized that the going-and-coming rule tended to be arbitrary and artificial in many aspects. 1 Larson, Workmen's Compensation, *s*. 15.11. In this jurisdiction we do not regard the going-and-coming rule as either necessary or particularly useful in deciding coverage under the Workmen's Compensation Law.

It has been suggested that employees should be covered for a reasonable period of time prior to or after working hours and for a reasonable distance before reaching or after leaving the employer's premises. Horovitz, Workmen's Compensation 161; 21 Ind. L. J. 473, 553. "This only leads to a new question: by what standard do you judge the reasonableness of the distance? If you are on your way to a downtown office building, and slip on the ice, it is difficult to see how a distinction could be drawn between a fall twenty feet from the door, twenty yards, or twenty blocks. Something more tangible than reasonable nearness is needed." 1 Larson, Workmen's Compensation, *s*. 15.12. Larson maintains that injuries off the premises of the employer are covered under the Workmen's Compensation Law only if they occur at a point where the employee is within range of dangers associated with the employment, using as an example the case of a claimant who is subjected to a particular risk in crossing railway tracks near the plant entrance. Larson, *supra*, *s*. 15.15. See anno. 50 A. L. R. (2d) 363.

The employment status may exist before actual work begins or continue after actual work has ceased. *Gallienne* v. *Company*, 88 N. H. 375; *Hughes* v. *American Brass Co.*, 141 Conn. 231, 234. The fact that the employee is traveling to or from work on a public way does not necessarily exclude coverage under the Workmen's Compensation Law. *Snook* v. *Portsmouth*, 90 N. H. 441; *Whitham* v. *Gellis*, 91 N. H. 226. "Injury on such highway is governed by the principles to be applied in any other case where injury occurs when plaintiff is injured off the premises while coming to or returning from work, i. e., by whether what caused the injury could properly be considered a hazard of the employment." *E. I. DuPont DeNemours Company* v. *Hall*, 237 F. (2d) 145, 150. See anno. 85 A. L. R. 97; 8 Schneider, Workmen's Compensation (Perm. ed. 1951) *pp*. 7, 8, 37.

There are cases which have allowed compensation for falls on an icy sidewalk or street when the employee was going to or coming from work. *Barnett* v. *Britling Cafeteria Co.*, 225 Ala. 462; *Bales* v. *Service Club No. 1*, 208 Ark. 692. In a greater number of cases recovery has been denied. *Gullo* v. *American Lead Pencil Co.*, 119 N. J. L. 484; *Donzelot* v. *Park Drug Co.*, (Mo. App.) 239 S. W. (2d) 526; *Otto* v. *Independent School District*, 237 Iowa 991; *Amento* v. *Bond Stores, Inc.*, 274 App. Div. 863; anno. 85 A. L. R. 97. Generally speaking, however, recovery has been allowed in off-the-premises cases only where there has been some particular risk which the employer could be said to have caused or allowed to exist. *Smith* v. *Camel Mfg. Co.*, 192 Tenn. 670. "It is significant that practically all successful off-the-premises cases have involved either a dangerous railroad crossing lying in the normal route of access to the plant, or an icy sidewalk adjacent to the premises and therefore identified with the premises in the sense that the employer should have removed the ice. In other words, there has always been a very special danger." 1 Larson, *supra, s.* 15.22.

This brings us to the question whether the plaintiff has been exposed to any special hazards by the defendant in this case. We think not on the facts of this case. *DePorte* v. *State Furniture Co.*, 129 Neb. 282; *Hinton* v. *North Georgia Warehouse Corp.*, 211 S. C. 370; Riesenfeld & Maxwell, Modern Social Legislation 245. The Workmen's Compensation Law is not intended to protect the employee from all of the perils of the journey from home to factory and return. The employee can expect a liberal interpretation of when the employment begins or ends (*Snook* v. *Portsmouth*, 90 N. H. 441), the permissible area over which his employment status will continue (*Gallienne* v. *Company*, 88 N. H. 375; *White* v. *Company*, 85 N. H. 543), and the range of activity that is permissible within the employment contract. *Newell* v. *Moreau*, 94 N. H. 439; *Allison* v. *Company*, 98 N. H. 434. But the employee is not entitled to coverage under the Workmen's Compensation Law for a fall on an icy public way for which the employer is in no way responsible. We find no factor in this case from which we can say that there is a distinct causal connection between injury and the conditions under which the employee approached the employer premises. The employee is denied recovery not because the injury occurred off the employer premises and on a

public sidewalk but because it did not arise out of and in the course of the employment.

*Judgment for the defendant.*

WHEELER, J., took no part in the decision; the others concurred.