Hillsborough,
No. 5466.

NEW HAMPSHIRE YORK CO.

*v.*

TITUS CONSTRUCTION COMPANY & a.

Argued April 6, 1966.
Decided May 31, 1966.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Charles J. Dunn* ( *Mr. Dunn* orally ), for the plaintiff.

*Snierson & Chandler* for Titus Construction Co., Inc., filed no brief.

*Frederic T. Greenhalge* ( by brief and orally ), for the defendants Kenneth E. Garland and Florence L. Garland.

KENISON, C.J. The issue in this case is whether the defendants' motion for summary judgment should have been granted. "Summary judgment procedure is designed to save time, effort and expense by allowing a final judgment to be entered immediately in those cases where there is no genuine issue of material fact requiring a formal trial." *Nashua Trust Co.* v. *Sardonis,* 101 N. H. 166, 168. We conclude that the Trial Court correctly denied the defendants' motion for summary judgment and the defendants' exceptions are overruled.

Summary judgment ( RSA 491:8-a ( supp )) is "an excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute

as to the salient facts or if only a question of law is involved." 3 Barron & Holtzoff, Federal Practice and Procedure, s. 1231, p. 96 (Wright ed. 1958). "To take a simple example, if in an action on a promissory note, the defendant in his answer denies the making of the note; the plaintiff makes a motion for summary judgment, accompanying it by an affidavit of a person who swears that he saw the defendant sign the note; and the defendant does not file an opposing affidavit, summary judgment should be rendered for the plaintiff. On the other hand, if the defendant files an affidavit to the effect that his purported signature is a forgery or that it was affixed by a person not authorized to do so, a genuine issue as to a material fact is created, and the case must go to trial." 3 Barron & Holtzoff, *supra*, 97.

In the present case the defendants, moving for summary judgment, had the burden of showing the absence of any genuine issue and the material and pleadings on file are viewed in the light most favorable to the adversary. James, Civil Procedure, s. 6.18, p. 235 (1965). The defendants' affidavit that it had paid all sums due the prime contractor on April 7, 1965 is contradicted by the plaintiff's affidavits. The plaintiff's affidavits state that the defendants acknowledged on May 10 and May 14, 1965 that the prime contractor had not been paid in full and that there was money enough "to cover" the plaintiff's bill. This created a genuine issue of material fact which required a trial. *Salitan* v. *Tinkham*, 103 N. H. 100; *Community Oil Co.* v. *Welch*, 105 N. H. 320. It is not the purpose of summary judgment procedure to deny a litigant a right of trial where there is a genuine issue of material fact to be litigated. *Community Oil Co.* v. *Welch*, *supra*, 322.

The plaintiff has submitted alternative arguments in support of its position that summary judgment should not be entered in this case. Guiher, Summary Judgments — Tactical Problem of the Trial Lawyer, 48 Va. L. Rev. 1263 (1962). Inasmuch as the pleadings and affidavits disclose a genuine issue of material fact between the parties, it is unnecessary to consider the plaintiff's alternative contentions.

*Defendants' exceptions overruled.*

All concurred.