Hillsborough
No. 80-140

WAYNE E. DONNELLY

v.

KEARSARGE TELEPHONE CO. & a.

April 3, 1981

*LaFlamme, Champagne & Moquin,* of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiff.

*Sulloway, Hollis & Soden,* of Concord (*Margaret H. Nelson* on the brief and orally), for the defendants.

Bois, J.   The sole issue presented in this appeal involving a claim for workmen's compensation benefits (RSA ch. 281) is whether the Trial Court (*Flynn,* J.) erred in granting the motion for summary judgment filed by the defendant employer and its workmen's compensation carrier and in denying the summary judgment motion filed by the plaintiff employee. We find no error and affirm.

At the time of his accident, Wayne E. Donnelly, the plaintiff, was employed as a cable man by defendant Kearsarge Telephone Company. His responsibilities consisted of the installation and maintenance of the company's telephone cable system, and these duties required the use of special tools which were kept in a truck which the company had assigned to him. He generally reported to the defendant's office to pick up the company truck to perform work out of doors at various work sites, and at the end of the day he returned it to the office. His usual work week consisted of the hours of 8:00 a.m. to 5:00 p.m., Monday through Friday. Because he was the only cable man that the company employed, he frequently was called at home at various times during the week outside of his regularly-scheduled work hours in the event of a cable problem. Depending on the extent of the particular after-hours problem, the plaintiff would handle it either by giving instructions over the phone or by driving to the site of the problem and doing the work himself.

Approximately one week per month, the defendant employer required the plaintiff to be officially "on-call" around the clock.

Although the duties of this official on-call status were not set forth in writing, the custom was that for an extra $20 the plaintiff would be available at all times during that week to respond to emergency calls. In responding to such calls in person, Donnelly first would have to pick up the company truck if it was not already at his home. The evidence conflicted as to whether the employer required the plaintiff to take the truck home during an official on-call week.

Prior to 8:00 a.m. on Monday, August 20, 1976, the plaintiff was riding his motorcycle to his employer's place of business to begin a usual workday, on the same road and at approximately the same time as usual. He was injured when the motorcycle left the road and collided with a sign. Plaintiff was "on-call" that week. Although the labor commissioner found that the plaintiff's official on-call week had already begun at the time of the injury, the defendant suggests that it did not begin until 8:00 a.m. of the day of the injury.

The plaintiff brought a claim for workmen's compensation benefits against the Kearsarge Telephone Company and its workmen's compensation carrier, Aetna Casualty and Surety Company, asserting that the injury arose out of and in the course of his employment. Subsequent to a hearing, the labor commissioner denied the plaintiff's claim for benefits. Thereupon the plaintiff appealed the decision to the superior court pursuant to RSA 281:37. Both defendants then moved for summary judgment under RSA 491:8-a (Supp. 1979). The plaintiff answered this motion in a counter-affidavit and filed his own motion for summary judgment. In denying the plaintiff's motion and granting that of the defendants, the court stated that:

> "As the plaintiff was merely going to work at his usual time, his 'on-call' status has no relationship to his injury. Therefore, his injuries cannot be considered a hazard of his employment. As the plaintiff's injuries did not arise out of, and in the course of his employment, the defendant's motion for summary judgment is granted."

The plaintiff seasonably excepted to both rulings and appealed the order to this court.

We have long recognized that the "[s]ummary judgment procedure is designed to save time, effort and expense by allowing a final judgment to be entered immediately in those cases where there is no genuine issue of material fact requiring a formal trial." *Nashua Trust Co. v. Sardonis*, 101 N.H. 166, 168, 136 A.2d 332,

333 (1957). According to RSA 491:8-a (Supp. 1979), "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Armand Engineering Co., Inc. v. Labrie, Inc.*, 121 N.H. 107, 110, 427 A.2d 15, 16 (1981); *Settle v. Keene Savings Bank*, 120 N.H. 827, 829, 423 A.2d 986, 987 (1980); *Suojanen v. Tardif*, 120 N.H. 574, 576, 419 A.2d 1088, 1089 (1980); *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977).

The plaintiff's assignment of error is that the trial court erred as a matter of law in finding no triable issue of fact in the pleadings, depositions, and affidavits before it, when viewed in a light most favorable to the plaintiff. *See New Hampshire York Co. v. Titus Constr. Co.*, 107 N.H. 223, 225, 219 A.2d 708, 710 (1966).

Donnelly argues that he is entitled to "portal-to-portal" coverage because the pleadings and materials before the court would show that he "was an outside employee who was continuously on-call 24 hours per day, 365 days per year, having sole responsibility for his company's 200 odd miles of above and below ground telephone cables and that his injuries were sustained while on a *dual purpose* trip which benefited his employer." (Emphasis added.)

To be compensable under our workmen's compensation statute an injury must arise "out of and in the course of employment," RSA 281:2 V (Supp. 1979), and result from the condition and not merely from the bare existence of the employment. *E.g., Heinz v. Concord Union School Dist.*, 117 N.H. 214, 217, 371 A.2d 1161, 1163 (1977); *LaBonte v. Nat'l Gypsum Co.*, 110 N.H. 314, 317, 269 A.2d 634, 636 (1970). Many states have adopted a "coming and going rule," which generally extends coverage to employees only on the employer's premises. We also have recognized that the ordinary perils of travel between home and the workplace are not risks of the employment and injuries arising therefrom are not ordinarily compensable.

Noting, however, the "doubtful utility" and the "various exceptions" to the "going and coming rule," we have held that an employee's injury is compensable if "the cause of the injury can properly be considered a hazard of the employment." *Heinz v. Concord Union School Dist., supra* at 217–18, 371 A.2d at 1163–64; *Henderson v. Sherwood Motor Hotel*, 105 N.H. 443, 445, 201 A.2d 891, 894 (1964); *Brousseau v. Blackstone Mills*, 100 N.H. 493, 494–95, 130 A.2d 543, 545–46 (1957).

In *Heinz* the employee was killed when his motorcycle went off

the road while he was on his way home from a private party. His purpose for the journey home was to change his clothes prior to returning to his school to chaperone a dance. We held that, although "the ordinary perils of travel between home and the place of employment are not properly considered as hazards of employment, and injuries arising therefrom are thus ordinarily noncompensable," *Heinz v. Concord Union School Dist.*, 117 N.H. at 218, 371 A.2d at 1164, the plaintiff's injuries were compensable because the journey home was "sufficiently related to the *special duties* imposed [by the employer] to be considered a 'hazard of the employment.'" *Id.* at 220, 371 A.2d at 1165. (Emphasis added.)

We further concluded in *Heinz* that "[t]he conditions under which the employee leaves (or returns to) the resting place must have a principally work-connected character." *Id.* These conditions consisted of a spatial condition, requiring that "the resting place . . . [be] within reasonable physical proximity of the place of employment," and a temporal condition, indicating "that at the time the employee leaves (or returns to) the resting place, the limits of time objectively indicate that the employee is expeditiously proceeding to (or from) his special duties." *Id.*

■■ We are not convinced that this plaintiff was an outside employee solely because his work was performed on telephone cables situated off the employer's premises. Rather, he is included in that class of workers who have an identifiable point in time and space at which they usually are required to report before they begin work and from which they check out when they retire at night. These workers are usually covered for workmen's compensation benefits between the time they check in and out unless special circumstances exist. *Matter of Blackley v. City of Niagara Falls*, 284 A.D. 51, 52, 130 N.Y.S.2d 77, 78 (1954); 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.00, at 4-120 (1978).

■■ Nor are we persuaded by the argument that the plaintiff's indispensability to the company and his on-call 24 hours per day, 365 days per year, status would entitle him to portal-to-portal coverage.

> "There are many employees who, because of their key positions in an operation, might well be equally essential to the successful carrying-on of the employer's business. Relative indispensability can hardly be the test of status while coming and going. This leaves the question whether the journey itself was an important part of the

> service; and since it was nothing but the usual . . . [trip Donnelly] always had to take, there is no *real distinction* from the going and coming of an ordinary employee."

1 A. LARSON, *supra* at § 16.11. "[T]he mere fact that an employee is generally on call should not make a special errand of a normal going and coming trip that is not in response to a special call." 1 A. LARSON, *supra* at § 16.12, at 4-149; *see Sabat v. Fedders Corporation*, 75 N.J. 444, 451, 383 A.2d 421, 424 (1978); *Ristine v. Moore*, 190 Pa. Super. Ct. 610, 615, 155 A.2d 456, 459 (1959).

We decline to accept the plaintiff's invitation to extend the "going and coming rule." "While we recognize that a number of courts have liberalized the 'going and coming rule,' . . . we believe that overruling past precedent in this case would open a veritable Pandora's box that would inevitably lead to the 'portal-to-portal' type of rule of compensation. . . . That is a journey upon which we are not prepared to embark." *Kyle v. Davol, Inc.*, 395 A.2d 714, 715 (R.I. 1978).

The plaintiff's final claim is that the injury occurred during his "approximately once-a-month official on-call week," when he was required to take the company vehicle home with him. He received extra compensation for the general inconvenience of being on call for a week. He admits that on the morning in question he had not received any special call and that he was traveling to work on the same road at approximately the same time as usual and going to his usual employment. He argues that because he was to take the truck home with him that evening, as he alleges was the custom during the on-call week, it made no difference whether he made a special trip for that purpose or combined it with a trip to his usual work. He concludes that "special trip" is synonymous with "special errand or special duties" and within a recognized exception to the coming and going rule. *See Heinz v. Concord Union School Dist.*, 117 N.H. at 218, 220, 371 A.2d at 1164, 1165.

In reference to the conflicting evidence regarding the question whether there was an affirmative duty imposed by the employer on Donnelly to have the truck in his possession during an official "on-call" week, let us assume *arguendo* that the employer had indeed imposed such a duty, and that, therefore, the plaintiff would have had to take the truck home with him that evening. Applying the standard set forth in the *Heinz* case, we conclude that, although Donnelly's Monday morning journey to his employer's place of business may have been from a place "within reasonable proximity of the place of employment," the journey was merely a normal trip by the employee to his employer's place of business

to begin a usual day of work, and thus was being accomplished solely for his own benefit. Because a usual day of work would intervene between the morning journey and the trip home with the truck that evening, we conclude that the employee was not "expeditiously proceeding to . . . his special duties." 117 N.H. at 220, 371 A.2d at 1165. Furthermore, at the time of the accident the plaintiff was not responding to a call that was related to his "on-call" status. *See generally* 1 A. LARSON, *supra* at § 16.10.

■ We agree with the trial court that, based on the pleadings, depositions, and affidavits before it, the injuries that Donnelly incurred while on his way to work on the morning of August 20, 1976, were not caused by a hazard of employment and therefore did not arise out of and in the course of his employment. Accordingly, the court properly granted the defendants' motion for summary judgment.

*Affirmed.*

All concurred.