Grafton
No. 81-425

CARBUR'S, INC.

v.

A & S OFFICE CONCEPTS, INC. & a.

May 12, 1982

*Stebbins & Bradley P.A.*, of Hanover (*Nicholas D. N. Harvey, Jr.*, on the brief), by brief for the plaintiff.

*Baker, Laney & Hayes*, of Lebanon (*Patrick T. Hayes* on the brief), by brief for the defendants.

PER CURIAM. The defendants, A & S Office Concepts, Inc. (A & S) and its directors and officers, Franklin Albanese and Dennis Surrette, appeal from the granting of the plaintiff's motion for summary judgment. RSA 491:8-a (Supp. 1981). We hold that based on the pleadings and affidavits before it, the trial court properly granted the plaintiff's motion for summary judgment.

Because of defects in the computer equipment and software which the plaintiff had purchased from the defendant A & S, the plaintiff rejected the equipment and A & S agreed to refund to the plaintiff the full purchase price of $24,205; however, A & S was unable to pay that sum in full at the time. Rather, A & S paid $10,000 to the plaintiff and executed a promissory note for the balance of $14,205. The two directors of A & S signed this note as "comakers." Because A & S paid only the first $5,000 due under the note, the plaintiff brought an action against the defendants to recover the remaining $9,205 plus interest.

Before trial, the plaintiff moved for summary judgment, claiming that the existence of the promissory note proved the defendants' obligation to pay. The defendants' counter-affidavit alleged only that the individual directors were not liable under the promissory note because they had received no additional consideration for their signatures. The Trial Court (*Dalianis*, J.) granted the plaintiff's motion, and the defendants appealed.

The defendants now contend that the trial court erroneously granted the plaintiff's motion because they had alleged that although the computer was returned, software was not. The defendants claim that the plaintiff's failure to return the software constituted a lack of consideration which precluded recovery on the note. The counter-affidavit, filed by the defendants in opposition to the motion for summary judgment, however, contained no allegation that the plaintiff failed to return the software. This allegation first appeared in the defendants' notice of appeal.

■■ Under RSA 491:8-a III (Supp. 1981), a party moving for summary judgment must show the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Donnelly v. Kearsarge Tel. Co.*, 121 N.H. 237, 240, 428 A.2d 888, 890 (1981). The party opposing such a motion has the burden of contradicting the proving party's affidavit; otherwise, the proponent's assertions of facts will be treated as admitted. *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977).

■■ The counter-affidavit which the defendants filed with the trial court contradicted only the plaintiff's assertion that the A & S directors were liable individually. The allegation now made that there was no consideration for the defendants' assumption of liability under the note, because the plaintiff failed to return the software portion of the computer package, did not appear in that affidavit. It is well settled that we will not consider a ground for relief raised on appeal that was not raised in the trial court. *Badr Export and Import, Inc. v. Groveton Papers Co.*, 122 N.H. 101, 103, 441 A.2d 1159, 1161 (1982).

■■ As to the defendants' argument that the individual directors were not personally liable, we hold that the trial court properly determined that they were personally liable as co-makers of the promissory note. *See* RSA 382-A:3–403(2)(a). Additionally, the individual defendants' argument that there was no consideration for their personal signatures must fail because the returning of the computer equipment constituted sufficient consideration for the making of the promissory note. *See Corning Glass Works v. Max Dichter Co.*, 102 N.H. 505, 512, 161 A.2d 569, 575 (1960).

*Affirmed.*