Hillsborough
No. 82-403

BARBARA ANDERSON & a.

v.

ROBERT McCANN & a.

December 12, 1983

*Douglas R. Bourdon*, of Nashua, by brief and orally, for the plaintiffs.

*William H. Craig*, of Manchester, by brief and orally, for the defendant Robert McCann, Executive Director of the Manchester Housing Authority.

*Thomas R. Clark*, assistant city solicitor, by brief and orally, for the defendant Emile Beaulieu, Mayor of Manchester.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester, and *Hale & Dorr*, of Boston, Massachusetts (*Norman H. Stahl & a.* on the brief,

and *Kenneth R. Berman* orally), for JPA III Development Company, as amicus curiae.

BROCK, J.   This is an appeal from a decision of the Superior Court (*Wyman,* J.) denying the plaintiffs' petition for injunctive relief. The plaintiffs are taxpayers who sought to enjoin the defendants (officials of the City of Manchester and the Manchester Housing Authority) from performance of certain contracts for a major redevelopment project in downtown Manchester—the so-called Granite Street Development Project. The plaintiffs allege that the contract provisions violated part II, article 5 and part II, article 83 of the New Hampshire Constitution. We find no error and affirm the trial court's ruling.

The project in question is a large one, involving a total cost (public and private) of some $45,000,000, the closing or relocation of several streets, and the construction of a 250-room hotel, a retail mall, and an underground parking garage. The Manchester Housing Authority (MHA) contracted in 1981 with a predecessor in interest of the JPA III Development Company (JPA) to develop the project, under authority granted by RSA chapters 203 and 205. The rights and duties of the developer were later assigned to JPA with the MHA's approval. JPA was not named as a defendant in this action, but appears on this appeal as amicus curiae.

The essence of the plaintiffs' complaint is that the terms of the development agreement are so advantageous to JPA as to create a violation of the following two constitutional provisions:

> (1) ". . . the general court shall not authorize any town to loan or give its money or credit directly or indirectly for the benefit of any corporation having for its object a dividend of profits or in any way aid the same by taking its stock or bonds."

N.H. CONST. pt. II, art. 5.

> (2) ". . . all just power possessed by the state is hereby granted to the general court to enact laws to prevent the operations within the state of all persons and associations, and all trusts and corporations, foreign or domestic, and the officers thereof, who endeavor to raise the price of any article of commerce or to destroy free and fair competition in the trades and industries through combination, conspiracy, monopoly, or any other unfair means. . . ."

N.H. CONST. pt. II, art. 83.

At the hearing on the merits in the superior court, where the plaintiffs appeared *pro se,* the only evidence presented was the

development contract, several supporting documents, and the testimony of the MHA's director of planning. The plaintiffs argued that this evidence alone, particularly the terms of the contract itself, was sufficient on its face to prove a constitutional violation. The trial court found to the contrary, and this appeal followed.

The trial court's ruling cited *Velishka v. Nashua*, 99 N.H. 161, 106 A.2d 571 (1954), and *Club Jolliet, Inc. v. Manchester & a.*, 110 N.H. 172, 262 A.2d 844 (1970), cases which generally affirmed the constitutionality of RSA chapters 203 and 205. Those statutes give the MHA broad discretion to carry out redevelopment projects in "blighted" areas. *See, e.g.*, RSA 205:2-b, :5. We found that such projects constitute a valid public purpose for which public funds may be appropriated. *Velishka v. Nashua, supra* at 165, 106 A.2d at 574. And when a valid public purpose is served, "the project is not invalidated because private interests may derive incidental benefits." *Club Jolliet, Inc. v. Manchester & a., supra* at 176, 262 A.2d at 847.

The plaintiffs argue that, in the absence of further clarification, these holdings may invite abuse in the form of projects whose public benefit is minimal, but which represent a virtual windfall for the developer or other private interests. They ask that we create a test to determine whether such projects meet constitutional standards, involving either a balancing of public and private benefits, or an examination of public benefits in the light of the total benefits resulting from the project.

Whether or not such a test may be advisable, it is not necessary in this case. There was ample evidence, both in the terms of the contract and in the planning director's testimony, to support a finding that the project would eliminate a blighted area, alleviate traffic problems at a dangerous intersection, provide employment for several hundred people, and generate significant tax revenues to the City of Manchester. These are precisely the kinds of benefits contemplated by RSA chapters 203 and 205. They constitute the "public purpose" that brought those statutes outside the prohibitions of part II, articles 5 and 83 of the New Hampshire Constitution. We therefore hold that the contracts in this case were likewise not barred by those constitutional provisions.

We also hold that the plaintiffs' argument as to the validity of certain revenue bonds used to finance the Granite Street project is not properly before this court. At the hearing on the merits, the plaintiffs expressly declined to challenge the validity of the bonds, and they are accordingly barred from raising the issue on appeal.

*Carbur's Inc. v. A & S Office Concepts, Inc.,* 122 N.H. 421, 445 A.2d 1109 (1982).

*Affirmed.*

SOUTER, J., did not sit; the others concurred.