Rockingham
No. 83-083

MICHAEL J. DABOUL <i>& a.</i>

v.

TOWN OF HAMPTON <i>& a.</i>

December 16, 1983

*Sanders & McDermott P.A.*, of Hampton (*Lawrence M. Edelman* on the brief and orally), for the plaintiffs.

*Shaines, Madrigan & McEachern*, of Portsmouth (*Gregory D. Robbins* on the brief, and *Don Mitchell* orally), for the Town of Hampton.

*Tetler & Holmes*, of Hampton (*Wynn E. Arnold* on the brief, and *Robert G. Tetler* orally), for Daniel G. Stone.

BATCHELDER, J. The plaintiffs appeal the Superior Court's (*Nadeau*, J.) dismissal of their petition for review of a decision by the Hampton Planning Board and its denial of their motion for reconsideration. For the reasons that follow, we dismiss the appeal.

In December 1982, the Hampton Planning Board approved a plan, submitted by Daniel G. Stone, providing for the development of a condominium project on Stone's land. The plaintiffs, owners of property abutting Stone's land and aggrieved by the decision of the planning board, petitioned the superior court for an order of certiorari directing the planning board to review its decision. The plaintiffs also requested that if the planning board did not reverse its decision, the superior court do so. RSA 36:34 (Supp. 1981) (recodified by Laws 1983, ch. 447). *But see Price v. Planning Board,* 120 N.H. 481, 485–86, 417 A.2d 997, 1000 (1980).

After a review of the pleadings and the petition, and consideration of the memoranda and arguments of counsel, the superior court determined that an order of certiorari should not issue and dismissed the appeal. The plaintiffs moved for reconsideration of the decision and asked the court to issue an order of certiorari directing the planning board to forward, to the court for its review, a copy of the planning board's minutes. *See Price v. Planning Board supra.* The superior court denied the motion, and this appeal followed.

First, the plaintiffs contend that RSA 36:34 (Supp. 1981) (recodified by Laws 1983, ch. 447) wrongfully denies them equal protection of the law. They argue that the legislature, in providing for discretionary review of the record in an appeal from a planning board

decision, RSA 36:34 (Supp. 1981) (recodified by Laws 1983, ch. 447); *see Price v. Planning Board supra,* while providing for automatic review of the record in an appeal from a zoning board decision, RSA 31:77, *et seq.* (Supp. 1981) (recodified by Laws 1983, ch. 447) is treating similarly situated persons dissimilarly. *See Belkner v. Preston,* 115 N.H. 15, 17, 332 A.2d 168, 170 (1975). The plaintiffs, however, failed to raise this issue either in their initial petition to the superior court or in their motion for reconsideration, but raised it first in their notice of appeal.

It is well established that we will not consider issues raised on appeal that were not presented in the lower court. *E.g., Carbur's, Inc. v. A & S Office Concepts, Inc.,* 122 N.H. 421, 423, 445 A.2d 1109, 1111 (1982).

The plaintiffs argue, however, that they had no opportunity to present the constitutional issue in the superior court because the issue was not ripe. They allege that the constitutional validity of the legislature's grant of discretion to the superior court to decline review of the planning board record could not have been raised in advance of the court's having actually declined such review. We need not decide whether the plaintiffs could have raised this issue in their petition to the superior court, because we hold that when the plaintiffs moved for reconsideration, the equal protection argument was ripe. The statute had been applied to the plaintiffs and they had suffered the alleged injury.

Additionally, the superior court had the authority to hear the constitutional issue on the motion for reconsideration and had the power to affect the rights of the litigants before it. *See Croteau v. Harvey & Landers,* 99 N.H. 264, 267, 109 A.2d 553, 555 (1954) (. . . "there can be no question of the inherent power of the court to review its own proceedings to correct error or prevent injustice" . . .). Accordingly, we decline to rule on the plaintiffs' equal protection claim.

The plaintiffs raised two other issues in their notice of appeal. However, they did not brief these issues, and this court has held that issues raised in the notice of appeal but not briefed are deemed waived. *Fleming v. Martin,* 122 N.H. 128, 130, 442 A.2d 584, 585 (1982). The plaintiffs argue, however, that these issues are so intimately connected to the constitutional issue that, in reality, they have been briefed. We disagree.

*Appeal dismissed.*

All concurred.