Belknap
No. 84-067

## GAIL J. DOBBINS

v.

## PAUL F. BERWICK AND TRACY LEE BERWICK

May 8, 1985

*Snierson, McKean and Mattson P.A.*, of Laconia (*Edgar D. McKean, III*, on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Lee C. Nyquist* on the brief and orally), for the defendant Paul F. Berwick.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James E. Higgins* on the brief and orally), for the defendant Tracy Lee Berwick.

PER CURIAM. On appeal, the plaintiff challenges the correctness of a jury instruction in her action for negligence. Because we find that the issue raised here was not raised below, we affirm.

On or about February 14, 1979, the plaintiff, Gail Dobbins, went to the defendants' premises to look at a horse which the defendants, Paul Berwick and his sixteen-year-old daughter, Tracy Lee, had advertised for sale. The plaintiff mounted the horse and was almost immediately thrown to the ground, sustaining injuries. There was testimony at trial that the horse had not been exercised for approximately three months prior to the plaintiff's attempting to ride him. Whether this period of inactivity caused the horse to buck, and whether the defendants were negligent either in not exercising the horse or in not warning the plaintiff that the horse had not been exercised for this period of time, were issues at trial.

The plaintiff requested the following jury instruction:

"It is not necessary for the plaintiff, in order to establish
liability, to prove that the defendants knew that it was the

propensity of the horse to act in an unpredictable and dangerous manner whenever a person was in the process of mounting him. The plaintiff need only prove that under all the circumstances the defendants should have reasonably foreseen that the horse was unfit to ride."

The Superior Court (*Dunn*, J.) denied the request and the plaintiff excepted. Regarding the plaintiff's burden of proof, the following jury instruction was given:

"Now, regarding the burden of proof, Mrs. Dobbins has the burden of proving by a preponderance of the evidence the following: (1) that it was the propensity of the horse, Tonka, to act in an unreasonable and dangerous manner whenever a person was in the process of mounting him; (2) that this propensity of the animal was known to the defendants; (3) that the defendants had a duty to warn and failed to warn Mrs. Dobbins of this propensity; (4) that as a result of this lack, Mrs. Dobbins fell from the horse; (5) that Mrs. Dobbins suffered injuries as a result of her fall."

The plaintiff took seasonable exception to that instruction, stating that it was the "plaintiff's position . . . that the statement of law should have been that the propensity was known *or should have been known.*" (Emphasis added.)

On appeal, the plaintiff states that "[t]he Court's error in its instruction to the jury was requiring proof that the defendants had specific knowledge of specific acts, as opposed to charging the defendants with general knowledge of horses' propensities to act in a particular manner . . . ." The plaintiff in her brief and at oral argument apparently argues that parts one and two of the jury instruction regarding the burden of proof should have been: (1) that it is the propensity of horses *in general* to act in an unreasonable and dangerous manner whenever a person is in the process of mounting them and when they have not been exercised for a period of time; and (2) that this propensity of horses in general was known, or should have been known, to the defendants.

■ The issue whether the plaintiff was entitled to an instruction "that the defendants knew or should have known of certain characteristics attributable to the class of animals in general," as opposed to this specific horse, was not raised before the trial judge below. We will not, therefore, saddle the trial judge with reversal on appeal by considering that issue here. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

■■ Nor will we consider the issue which was actually excepted to and was stated, although inartfully, in the notice of appeal. "[I]ssues raised in the notice of appeal but not briefed are deemed waived." *Id.* Plaintiff's brief addresses only the issue of general propensities.

*Affirmed.*