Strafford
No. 86-192

## THE STATE OF NEW HAMPSHIRE

v.

## KEVIN TRAHAN

June 3, 1987

*Stephen E. Merrill,* attorney general (*Larry M. Smukler,* assistant attorney general, on the brief and orally), for the State.

*L. L. Hansen Professional Association,* of Portsmouth (*Lorraine L. Hansen* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

The defendant challenges (1) the sufficiency of the evidence supporting the Superior Court's (*Contas,* J.) finding that he was the person named in the conviction record relied upon in an habitual offender petition; and (2) the standard of proof employed in habitual offender proceedings. We reverse and remand.

On November 22, 1985, the Strafford County Attorney filed an habitual offender petition against the defendant, Kevin Trahan, in the superior court pursuant to RSA 262:20 (since repealed). A hearing was held on April 8, 1986, to permit the defendant to show cause why he should not be prohibited from driving on New Hampshire highways. RSA 262:21 (since repealed). The State presented a certified transcript of the defendant's driving record, and enumerated for the court the convictions, and their dates, relied upon to support the petition. The court questioned the prosecutor as to the date of birth and the place of residence listed on the conviction record. The court then began to address the defendant by inquiring as to his age. Defense counsel, although stating that the defendant had been served with a copy of the petition and that he was in the courtroom, argued that the proceedings were civil in nature and that because

Trahan had not been subpoenaed, he was not required to put on a defense. The defendant did not take the witness stand, nor did he provide any more information. The court then adjudicated the defendant an habitual offender. On appeal, the defendant contends, *inter alia*, that there was no independent identification process proving that he was Kevin Trahan.

We will not decide the issue of the sufficiency of the evidence, but, rather, pursuant to our superintending powers under RSA 490:4, will consider the identification procedure utilized by the trial court. The defendant appeared in court pursuant to the service upon him of an habitual offender petition. He argued at trial that, since he had not been subpoenaed, he did not have to testify. The service upon him, however, of the habitual offender petition required his presence in court. Service of a subpoena requiring the defendant's presence would have been nothing more than superfluous. The only issue at trial was whether the defendant was the same individual whose record of conviction was before the court. The court should have allowed the State to call the defendant to the witness stand and question him on the issue of identification. In effect, the court had the power to compel the defendant to testify, barring the assertion of any relevant privileges, and should have done so.

The defendant's argument that the civil standard of proof employed in habitual offender petitions offends the due process clause of the fifth amendment was not raised below, and we decline to address that issue. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

*Reversed and remanded.*