Sullivan
No. 90-608

BANKEAST

v.

CHARLES MICHALENOICK

November 8, 1991

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Kevin M. Leach* on the brief and orally), for the plaintiff.

*Ekberg & Associates*, of North Conway (*Ruth A. Hall* and *Donald M. Ekberg* on the brief, and *Mr. Ekberg* orally), for the defendant.

BROCK, C.J.  The defendant, Charles Michalenoick, appeals from an order of the Superior Court (*Smith*, J.), granting plaintiff Bank-East's motion for summary judgment in its action to recover on a loan guarantee. Although the parties addressed a number of issues in their briefs, concessions made by counsel at oral argument result in our having to consider only whether the trial court correctly found that there were no material facts in dispute between the parties, thus entitling the plaintiff to judgment as a matter of law. For the reasons that follow, we reverse.

In connection with an $800,000 loan made by BankEast to his brother, Richard Michalenoick, and his brother's corporation, the defendant guaranteed repayment of up to $100,000 on the principal of the loan, should his brother default. The guarantee was secured by a $100,000 deposit in an account with BankEast. Of the $100,000 the defendant deposited in the security account, BankEast later withdrew $35,316.14 as payment on principal, when the debtor failed to pay, and the remainder of the security was released two years after the signing of the agreement, pursuant to clause 8 of the guarantee

agreement. When the debtor defaulted on the note, BankEast brought this action against the defendant, claiming that it is entitled to the remainder of the $100,000 guarantee, or $64,683.86. The defendant claims that more than $100,000 has already been paid to BankEast with respect to the original $800,000 note, and that therefore, he has no further obligation on the guarantee.

In defending against the plaintiff's motion for summary judgment, and on appeal, Michalenoick raises two defenses: (1) the release of the security deposit discharged him from any further obligation on the guarantee, and (2) since more than $100,000 had been paid on the note, he was relieved of any further obligation pursuant to clause 9 of the guarantee. The trial court, ruling solely on the first issue, granted the plaintiff's motion for summary judgment. The ruling on that issue, as conceded by defendant at oral argument, was correct. Therefore, the only issue before us is whether the defendant's claim that more than $100,000 has been paid toward the principal raises an issue of material fact precluding the grant of summary judgment to the plaintiff.

■ RSA 491:8-a provides summary judgment procedures for disposal of cases in a timely and cost-efficient manner, absent any genuine factual dispute. Summary judgment is

> "an excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. *New Hampshire York Co. v. Titus Constr. Co.*, 107 N.H. 223, 224–225, 219 A.2d 708, 710 (1966) (quoting 3 BARRON & HALTZOFF, FEDERAL PRACTICE AND PROCEDURE, § 1231, at 96 (Wright ed. 1958))."

*Omiya v. Castor*, 130 N.H. 234, 236, 536 A.2d 194, 195 (1987). "However, its purpose should not be, and is not, to deny litigants a right to trial if they really have issues to litigate." *Commercial Oil Co. v. Welch*, 105 N.H. 320, 322, 199 A.2d 107, 109 (1964).

■ While there is no dispute that the guarantee was to be reduced to the extent of "any" payment of principal, the exact amount that has been paid remains undetermined. BankEast argues that the defendant "has not challenged the fact that only $35,316.14 has been reduced on the principal due on the Note." The defendant, however, while not denying that *he* has only paid $35,316.14 in principal, claims in his affidavit that more than $100,000, in total, has been paid

on the note. Accordingly, we conclude that an issue of material fact exists between the parties and that it was error for the trial court to grant summary judgment.

Finally, on appeal, the defendant has invited us to rule on the legal effect of the application of foreclosure proceeds, from Richard Michalenoick's assets, toward the principal of the note. We will not consider this issue since it was not raised below, *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983) (citation omitted). However, it may be considered upon remand and further proceedings.

*Reversed and remanded.*

All concurred.