Hillsborough-southern judicial district
No. 99-015

CORINNE BLAGBROUGH & a.

v.

TOWN OF WILTON

July 5, 2000

*Cook & Molan, P.A.*, of Concord (*John S. Krupski* on the brief, and *Shawn J. Sullivan* orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*John P. Sherman* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Town of Wilton, appeals from an order of the Superior Court (*Dalianis*, J.) finding a bridge on land of the plaintiffs, Corinne Blagbrough and the Blagbrough Family Trust, to be public. The plaintiffs cross-appeal an earlier order

granting the defendant partial summary judgment finding the same bridge and a driveway crossing the bridge to be private. We affirm the granting of summary judgment and reverse the finding that the bridge is public.

William and Corinne Blagbrough purchased a residence on Burton Highway in Wilton in 1963. The property is accessed by a driveway consisting of two paths which enter from Burton Highway, converge at the entrance to the bridge, and create a "Y" pattern. Bounded by Burton Highway, the bridge, and the two paths, is a triangular tract of land consisting of approximately 1300 square feet. After crossing the bridge, the driveway provides access solely to the plaintiffs' property.

Neither the Blagbroughs' deed nor a title search conducted when they purchased the property indicates that the driveway or bridge are public. In 1989, however, the town strengthened the bridge in accordance with State guidelines. The town also listed the driveway and bridge in 1990 with the New Hampshire Department of Transportation as a class V public highway. *See* RSA 229:5, VI (Supp. 1999).

During the 1960s and 1970s, the town plowed and sanded the driveway and bridge. At some point in the 1970s, however, the town ceased plowing the driveway from the bridge to the residence, informing the Blagbroughs that it no longer maintained private driveways. The town, nevertheless, continued to sand the bridge and the driveway from Burton Highway to the bridge, and occasionally plowed those portions, frequently at the Blagbroughs' request.

Because the portion of the driveway approaching the bridge from Burton Highway was curved, and because the entrance to the bridge was narrow, the plowing blade on the front of the town's truck prevented the truck from entering the bridge. Thus, to sand and plow the bridge and driveway, the town was required to back into the driveway and bridge from Burton Highway, a maneuver that was both difficult and dangerous. In 1996, the town's road agent informed Corinne Blagbrough that he intended to straighten the approach to the bridge to make the approach safer, and in October 1996 the town removed maple saplings and brush from the triangle and spread asphalt in their place.

The Blagbroughs filed suit against the town. They alleged that the bridge was public, but that the driveway was private. They asserted that the town's action in removing the vegetation from the triangle constituted willful trespass (count I), and violated the timber trespass statute, RSA 227-J:8 (Supp. 1999) (count II). They also asserted that the town intentionally listed their private driveway as

a class V highway, received federal funding to maintain the driveway, and failed to expend the money on the driveway, thereby committing fraud and a temporary taking of their property (count III). Finally, they alleged that the town breached its duty to maintain the bridge (count IV), and sought injunctive relief requiring the town to maintain the bridge (count V).

Prior to trial, William Blagbrough died and the Blagbrough Family Trust was added as a plaintiff.

The town moved for summary judgment on counts III, IV, and V, submitting the deed to the property and the abstract of title created when the Blagbroughs purchased the property, which revealed no encumbrances for public use. The town also submitted the pleadings and deposition testimony of Corinne Blagbrough indicating the Blagbroughs' position that the driveway was private. The trial court granted the motion as to counts IV and V, finding under RSA 229:1 (1993) "no genuine issue of material fact indicating that plaintiffs' driveway and bridge were ever classified as a public highway." The court also granted the motion as to count III on grounds not challenged on appeal.

More than four months later, the plaintiffs moved to reconsider or alternatively for a new trial, arguing that newly discovered evidence indicated that the town's highway layout of 1765 included the bridge and the portion of the driveway from Burton Highway to the bridge. In support of the motion, the plaintiffs submitted a report drafted by a witness they retained as an expert land surveyor and forester. They also submitted what is purported to be part of a town meeting record from 1765 that the expert construed to support his conclusion. The trial court denied the motion without opinion.

After a bench trial on counts I and II, the trial court concluded that the town had committed a trespass by removing the vegetation from the triangle, but found that the damages were *de minimis*. Although the trial court recognized that "the history of this driveway and bridge is now irrelevant to the instant proceeding," the court also found that the bridge is a public bridge that the town has a duty to maintain. This appeal and cross-appeal followed.

The town argues that the trial court erred by finding, in its order on the merits of the trespass claims, that the bridge servicing the plaintiffs' private driveway was public. The plaintiffs cross-appeal the grant of partial summary judgment finding that the bridge and driveway were private.

We address first the plaintiffs' contention that the trial court erred by granting partial summary judgment.

In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party. If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. We consider a disputed fact "material" for purposes of summary judgment if it affects the outcome of the litigation under the applicable substantive law.

*Sandford v. Town of Wolfeboro*, 143 N.H. 481, 484, 740 A.2d 1019, 1021 (1999) (quotations, citations, and brackets omitted); *see* RSA 491:8-a (1997). Once the moving party has shown the absence of a genuine issue of material fact, the opposing party "must set forth specific facts showing the existence of a genuine issue for trial. Mere denials or vague and general allegations of expected proof are not enough." *Omiya v. Castor*, 130 N.H. 234, 237, 536 A.2d 194, 196 (1987) (quotation and citations omitted).

RSA 229:1 establishes how a road becomes public in New Hampshire. *See Catalano v. Town of Windham*, 133 N.H. 504, 508, 578 A.2d 858, 861 (1990). The statute provides:

Highways are only such as are laid out in the mode prescribed therefor by statute, or roads which have been constructed for public travel over land which has been conveyed to a city or town or to the state by deed of a fee or easement interest, or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located, or roads which have been used as such for public travel, other than travel to and from a toll bridge or ferry, for 20 years prior to January 1, 1968, and *shall include the bridges thereon.*

(Emphasis added.) RSA 234:2 (1993) further defines "bridge" as

a structure, having a clear span of 10 feet or more measured along the center line of the roadway at the elevation of the bridge seats, spanning a water course or other opening or obstruction, on *a public highway* to carry the traffic across, and shall include the substructure, superstructure and approaches thereto.

(Emphasis added.) The legislature has delegated to towns a duty to maintain and repair bridges located on class IV or V public highways. *See* RSA 231:90-:92 (1993); RSA 234:20 (1993).

When construed together, see *Rye Beach Country Club v. Town of Rye*, 143 N.H. 122, 126, 719 A.2d 623, 625 (1998), these statutes indicate that a bridge is public if the road it services is public. *Cf. The Town of Troy v. Cheshire Railroad Company*, 23 N.H. 83, 95 (1851) (bridges ordinarily "are deemed to constitute a part of the public highways").

Because the statutes do not on their face obligate towns to maintain bridges that are on private roads, and because such a construction would lead to the absurd result of obligating towns to maintain bridges to which the public has no right of access, see *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997) (statutes not interpreted to lead to absurd result), we conclude that a bridge is likewise private if the road it services is private.

In its motion for summary judgment, the town argued that because the plaintiffs could not prove the driveway had become public pursuant to RSA 229:1, the town had no duty to maintain either the driveway or the bridge. In their objection, the plaintiffs alleged they would "show that the portion of driveway crossing the bridge . . . is public through dedication and use for public travel for twenty years prior to January 1, 1968 since around 1834 and thereafter." On appeal, the plaintiffs contend the evidence, viewed in their favor, supports a finding that the driveway had become public through twenty years of public use. We disagree.

We have construed the "public use" provision of RSA 229:1 as describing the establishment of a public highway through prescription. *See Town of Warren v. Shortt*, 139 N.H. 240, 243, 652 A.2d 140, 141 (1994). "[A] party claiming an easement by prescription must demonstrate more than a showing of public use for twenty years; the public use additionally must be shown to have been adverse." *Id.* In this case, to raise an issue of fact as to whether the driveway and bridge had become public through prescription, the plaintiffs were required to submit evidence from which the trial court could conclude that for twenty years prior to 1968, the public used the driveway under a claim of right without the owner's permission. *See Catalano*, 133 N.H. at 510, 578 A.2d at 861.

Where . . . this essential element is left to be implied solely from the public use, it must appear that such use was of a character calculated to apprise the owner that it was had under a claim of right. The nature of the use must be such as to show that the owner knew, or ought to have known, that the right was being exercised, not in reliance upon his toleration or permission, but without regard to his consent.

*Id.* at 509-10, 578 A.2d at 861 (quotation omitted).

The plaintiffs rely upon a statement in Corinne Blagbrough's affidavit that "[i]n the 1800s the property was used as a public mill and access was over the [bridge and] the driveway." They also cite documents containing photographs that the plaintiffs argue depict the bridge in the 1800s, and records they assert demonstrate that the town "had allocated moneys for the repair of bridges in 1873 and 1875."

With respect to the historical documents, we note that at no time in the trial court did the plaintiffs explain their significance other than to cite them in their objection for the proposition that they would prove "the portion of driveway crossing the bridge" to be public.

■ Even assuming, however, that the photographs depict the plaintiffs' property in the 1800s and that the public expenditures on bridges included their bridge, we conclude that the submissions fail to support an inference that the public used the driveway and bridge for a continuous twenty-year period and that such use was adverse. At most, they support an inference that the public used the driveway and bridge at some point in the 1800s.

The plaintiffs further rely upon the report and the purported town meeting record that the plaintiffs submitted with their motion to reconsider or for a new trial. The town argues that the plaintiffs' reliance upon those exhibits is improper as they were not submitted with their objection to summary judgment.

In its objection to the motion to reconsider, the town argued that the court should deny the motion as untimely, *see* SUPER. CT. R. 59-A (motions to reconsider must be filed within ten days), and that the court should reject the exhibits because Superior Court Rule 59-A does not authorize the submission of further evidence. With respect to the request for a new trial, the town argued that the report was based not on "new evidence," but on public records available to the plaintiffs prior to the motion for summary judgment. The town also argued that the "new evidence" was unreliable, and would not produce a different result at a new trial. The trial court denied the motion.

■ On appeal, the plaintiffs have not addressed the arguments raised by the town below upon which the trial court could have relied in denying the motion. It is the plaintiffs' burden on appeal to demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of their case. *See State v. Cochran,*

132 N.H. 670, 672, 569 A.2d 756, 757 (1990). We conclude that the plaintiffs have not carried their burden.

The plaintiffs also rely upon evidence that: (1) the town maintained the bridge during the winter in the 1960s and 1970s; (2) the town repaired the bridge on several occasions in the 1990s, and referred to the bridge by a number designated by the department of transportation; (3) the town listed the driveway as a class V road in 1990; (4) the town upgraded the bridge in 1989; (5) the town resurfaced the driveway in 1989; and (6) the town posted a sign at the bridge permitting only passenger traffic to cross the bridge.

Although this evidence establishes that the town treated the driveway and bridge as public at times subsequent to 1963, it fails to demonstrate pursuant to RSA 229:1 that the public used the driveway and bridge adversely for twenty years prior to 1968.

■ Finally, we reject the plaintiffs' argument that the references in their pleadings and evidence submitted at trial to the bridge's public number and the driveway's listing as a class V public road support a reversal of summary judgment. Evidence submitted only at trial is not to be considered in reviewing a pretrial order on summary judgment. *See* RSA 491:8-a, III. Moreover, while the pleadings indicate the plaintiffs' position that at the very least the bridge was public, those pleadings fail to establish that the bridge and driveway in fact were public pursuant to RSA 229:1. Indeed, the pleadings unequivocally indicate the plaintiffs' position that the driveway was not public.

In sum, we conclude that the plaintiffs failed to "set forth specific facts showing the existence of a genuine issue for trial" as to whether the driveway or bridge ever became public pursuant to RSA 229:1. *Omiya*, 130 N.H. at 237, 536 A.2d at 196 (quotation omitted). We have considered the plaintiffs' remaining arguments with respect to summary judgment and find them to be without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Accordingly, we affirm the grant of partial summary judgment.

Having concluded that the trial court's grant of summary judgment was proper, we next consider the town's contention that the trial court's subsequent finding that the bridge was public was erroneous. "Findings of fact by a trial court are binding on us unless they are not supported by the evidence or are erroneous as a matter of law." *Sommers v. Sommers*, 143 N.H. 686, 690, 742 A.2d 94, 97 (1999) (quotation omitted). The town argues that the trial court erred as a matter of law because the court never vacated its original

finding that no genuine issue of material fact existed as to whether the bridge was public.

The town contends that the court "failed to place the [town] on notice that [it] considered ownership of the bridge to be an unresolved issue . . . [and] deprived the [town] of the opportunity to present evidence . . . and to fully cross-examine" the plaintiffs' witnesses. The plaintiffs counter that they in fact introduced evidence at trial that the bridge and driveway were public, and that the court has discretion to reverse an erroneous order on summary judgment *sua sponte.*

The plaintiffs rely upon *Cilley v. New Hampshire Ball Bearings, Inc.*, 128 N.H. 401, 514 A.2d 818 (1986). In *Cilley*, we held that a trial judge may *sua sponte* reverse a prior denial of summary judgment because such power is consistent with the purpose inherent in RSA 491:8-a of eliminating the expense of trial where no issue of material fact remains, and because the parties previously had been granted a full opportunity to be heard on the motion. *See Cilley*, 128 N.H. at 405, 514 A.2d at 820.

In this case, however, the trial court's initial ruling granted the town summary judgment on the plaintiffs' claims with respect to the town's duty to maintain the bridge. "Once a [trial] judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forbearing from introducing any evidence or cross-examining witnesses in regard to those claims." *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2d Cir. 1989). Accordingly, unlike the plaintiff in *Cilley*, the town justifiably relied upon the trial court's pretrial ruling and, therefore, was effectively denied the opportunity to proffer evidence at trial on the issue it assumed to be settled. *See Algie v. RCA Global Communications, Inc.*, 891 F. Supp. 875, 883 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995).

██ ██ We hold that before a trial court may reverse a pretrial ruling that disposes of an issue for trial, the court must provide the parties with notice adequate to "give them an opportunity to present evidence relating to the newly revived issue" at trial. *Leddy*, 875 F.2d at 386. We conclude that the court's finding that the bridge was public and that the town has a duty to maintain it was legally erroneous and prejudicial; it was directly contrary to the court's orders granting partial summary judgment and denying the plaintiffs' motion to reconsider, and the court provided no notice that ownership of the bridge was an issue to be resolved at trial.

Accordingly, we reverse the finding and need not address the town's remaining arguments.

*Affirmed in part; reversed in part.*

BROCK, C.J., and HORTON and BRODERICK, JJ., did not sit; DALIANIS, J., was recused and did not sit or participate in the decision; GRAY, J., retired superior court justice, MCHUGH and GROFF, JJ., superior court justices, sat by special assignment under RSA 490:3; all who sat concurred.