# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0604, <u>In the Matter of Michelle Chirco and Anthony Chirco</u>, the court on September 14, 2018, issued the following order:**

Having considered the respondent's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm in part and vacate in part.

The respondent, Anthony Chirco, appeals an order of the Circuit Court (<u>Cross</u>, Referee, approved by <u>Stephen</u>, J.) denying a petition for contempt filed by the petitioner, Michelle Chirco, but modifying, <u>sua</u> <u>sponte</u>, his child support obligation.  He challenges the trial court's decision to modify child support, arguing, in part, that absent prior notice that the court might modify support, the modification violated due process under the State Constitution.  We agree.

"The core of due process is the right to notice and a meaningful opportunity to be heard."  <u>Lachance v. Erickson</u>, 522 U.S. 262, 266 (1998); <u>see</u> <u>Petition of Bagley</u>, 128 N.H. 275, 286 (1986) ("Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").  Here, the petitioner did not request modification of child support, and at no point prior to issuing its order did the trial court put the respondent on notice that it might modify his child support obligation.  Thus, the respondent had no reason to anticipate that the court would modify his child support obligation so that he might present relevant evidence and argument on the matter.  <u>See</u> <u>Blagbrough v. Town of Wilton</u>, 145 N.H. 118, 125 (2000); <u>Morphy v. Morphy</u>, 112 N.H. 507, 510 (1972).  Accordingly, we vacate the trial court's order to the extent that it modified the respondent's child support obligation under the October 27, 2016 uniform support order, and to the extent that it modified the parties' rights and obligations with respect to their children's extracurricular activities.  In all other respects, the trial court's order is affirmed.

<u>Affirmed in part; and vacated in part</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**