Rockingham,
No. 5284.

DUROCHER'S ICE CREAM, INC. *& a.*

*v.*

PEIRCE CONSTRUCTION COMPANY.

Argued January 6, 1965.
Decided May 24, 1965.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Devine, Millimet, McDonough, Stahl* & *Branch* and *John M. Tobin* (*Mr. Tobin* orally), for the plaintiffs.

*Robert Shaw* and *McLane, Carleton, Graf, Greene* & *Brown* and *G. Marshall Abbey* (*Mr. Abbey* orally), for the defendant.

KENISON, C. J. The use of depositions and discovery as an

integral part of pretrial procedure has been given a broad and liberal interpretation in this jurisdiction. *Lincoln* v. *Langley*, 99 N. H. 158; *Reynolds* v. *Company*, 98 N. H. 251. While it is impossible to state in advance the precepts of relevancy, it has been the policy in this state not to place any crippling limitations on the use of discovery and depositions. *McDuffey* v. *Boston & Maine R. R.*, 102 N. H. 179. For the most part the necessary flexibility in controlling the breadth and scope of discovery and depositions has been left with the Presiding Judge of the trial court. *Drake* v. *Bowles*, 97 N. H. 471; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354; *State* v. *Cote*, 95 N. H. 108. As was stated in *New Castle* v. *Rand*, 101 N. H. 201, 202, we "have proceeded on the basic assumption that the orderly dispatch of judicial business is accomplished more efficiently where every plaintiff and every defendant is given adequate opportunity to properly prepare his case before trial."

The first paragraph of Superior Court Rule 37 reads as follows: "The deponent, on deposition or on written interrogatory, shall ordinarily be required to answer all questions not subject to privilege or excused by the statute relating to depositions, and it is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to discovery of admissible evidence and does not violate any privilege." RSA ch. 491 Appendix (supp). As clearly appears from this rule the relevancy of evidence does not depend upon its admissibility at trial providing that the evidence sought is reasonably calculated to lead to the discovery of admissible evidence. There are some cases, of course, where it is settled that inquiry is forbidden. Except in limited instances (*Villars* v. *Portsmouth*, 100 N. H. 453, 455) the existence of insurance in the ordinary tort case is not a matter for inquiry on deposition or discovery. *Hardware Mut. Cas. Co.* v. *Hopkins*, 105 N. H. 231, 234. In the present case none of the questions asked relate to insurance and are not in the realm of forbidden inquiry merely because they involve the financial relationship between the defendant and its officers.

Question 4 relating to the approximate yearly average of the number of employees of the defendant would appear to be a proper inquiry since it may have some bearing on the

question whether or not the defendant was negligent in providing insufficient personnel in connection with his construction contract on the plaintiff's premises.

The other questions pertaining to the financial relationship between the deponent and the defendant and other corporations in which the defendant and his wife may be interested could lead to the discovery of admissible evidence. Superior Court Rule 37, *supra*. The conveyance or mortgage of property by a defendant during litigation may be some evidence of the defendant's consciousness of liability. *Portland Gas Light Co.* v. *Runud*, 242 Mass. 272; *Johnson* v. *O'Brien*, 258 Minn. 502; *Doub* v. *Hauser*, 256 N. C. 331; 2 Wigmore, Evidence (3d *ed.*) *s.* 282, *p.* 132. Likewise, if during litigation there has been a depletion of assets of the defendant corporation to other corporations controlled by the officers thereof this also could be conduct indicating the defendant has or may have a weak cause. Annots. 65 A.L.R. 1307, 80 A.L.R. 1139. It is obvious that conveyance and mortgage of property or the depletion of assets of a defendant during litigation may be in the normal course of business or otherwise entirely innocent. However, if the plaintiff has reason to believe that a defendant has transferred his property or otherwise depleted his assets during litigation this is a proper subject for discovery. Maguire, Evidence — Common Sense and Common Law 144 (1947). In most cases such inquiries would be out of order but the Trial Court has discretion to allow them in any particular case upon a showing of a reasonable basis therefor.

If the plaintiffs appear to be asking the questions that were propounded in this case for the purpose of embarrassment or harassment, the Trial Court has the right to forbid them as an impertinent intrusion. *Currier* v. *Company*, 101 N. H. 205. We cannot say that the Trial Court's order was erroneous even though we realize that these inquiries if pursued as a general rule could be the subject of abuse and harassment. See *State* v. *Cote*, 95 N. H. 108, 112; McCormick, Evidence, *s.* 250, *p.* 537 (1954); 1 Conrad, Modern Trial Evidence, *s.* 120, *p.* 119 (1956).

*Defendant's exceptions overruled.*

All concurred.