Merrimack
No. 85-453

### THE STATE OF NEW HAMPSHIRE

v.

### EVANGELOS D. LILLIOS

July 29, 1986

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general, on the brief), by brief for the State.

*Evangelos D. Lillios,* by brief, *pro se.*

### MEMORANDUM OPINION

On January 11, 1983, the division of motor vehicles entered a default judgment revoking the defendant's driver's license and driving privilege. On June 29, 1984, police officers arrested the defendant after observing him driving his car in Concord. After a jury trial in Superior Court (*Dickson,* J.), the defendant was found guilty of driving a motor vehicle in New Hampshire after revocation of his license to drive or his driving privilege. RSA 263:64 (Supp. 1985). This appeal followed.

The defendant argues that his right to due process was violated because of inadequacies in the notice of the January 11, 1983 revocation hearing. However, the defendant's appeal of the revocation determination to the superior court was dismissed on May 18, 1983, and no further appeal was taken to this court. The defendant may not now collaterally attack the determination. *See State v. Lemire,* 125 N.H. 461, 462, 481 A.2d 820, 821 (1984).

The defendant also contends that the trial court erred in tak-

ing judicial notice, after the State had submitted its case, that the Concord street on which the defendant drove his car was a public way. This contention fails because RSA 263:64 (Supp. 1985) does not require operation on a public way. Moreover, even if the statute did contain such a requirement, the defendant failed to comply with Superior Court Rule 89, which requires a ten-day notice of intent to raise a public way issue, and thereby waived any right to require proof of the public way.

There was no oral argument in this case. The issues raised in the notice of appeal that were not briefed are deemed waived.

*Affirmed.*