Hillsborough
No. 87-471

ROBERT E. STEWART

v.

MICHAEL J. CUNNINGHAM, WARDEN,
NEW HAMPSHIRE STATE PRISON

October 31, 1988

*James E. Duggan*, appellate defender, of Concord, by brief for the plaintiff.

*Stephen E. Merrill*, attorney general (*William H. Lyons*, assistant attorney general, on the brief), by brief for the State.

BATCHELDER, J. This is an appeal from the superior court's denial of the plaintiff's petition for habeas corpus. The plaintiff, Robert E. Stewart, was convicted in 1974 following a jury trial on two counts of attempted murder of two police officers in 1973 and was sentenced to concurrent extended terms of imprisonment at the New Hampshire State Prison. The plaintiff appealed his conviction on the grounds of pretrial publicity and the admissibility of polygraph evidence, and the conviction was affirmed. *State v. Stewart*, 116 N.H. 585, 364 A.2d 621 (1976). In November of 1979, Stewart was paroled to Massachusetts to begin serving two life sentences there. In October of 1987 the plaintiff's petition for habeas corpus in this case was denied. For the reasons set forth below, we affirm.

In October 1987, while incarcerated in Massachusetts, Stewart filed a *pro se* petition for a writ of habeas corpus which asked the superior court in New Hampshire to order his release or resentencing. The court scheduled a hearing and notified the sheriff to transport Stewart to New Hampshire from Massachusetts for the hearing.

Once in New Hampshire, the plaintiff argued that his transportation from the Massachusetts prison to New Hampshire without formal rendition procedures violated his constitutional rights by subjecting him to involuntary servitude and imprisonment without due process of law. The plaintiff moved to amend his habeas corpus petition to include a prayer for asylum and refuge in New Hampshire as a "free man" or, alternatively, to be freed upon a reasonable bond. The plaintiff also moved for a temporary restraining order prohibiting his return to Massachusetts. The Superior Court (*C. Flynn*, J.) granted the plaintiff's motion to

amend the habeas corpus petition, denied the amended petition, and denied the motion for a temporary restraining order.

The only issue on appeal concerns the propriety of the plaintiff's sentence. The plaintiff concedes that at the time he was arrested, tried, and sentenced, neither the Criminal Code nor the Superior Court Rules required the State to provide him with pretrial notice of its intent to request an extended term of imprisonment under RSA 651:6, II. The only notice issue in this case, then, is whether due process under part I, article 15 of the New Hampshire Constitution and the fourteenth amendment to the United States Constitution required pretrial notice to the defendant, when both the extended term statute and the court rules were silent as to notice.

Because the protection provided by the United States Constitution on this issue is no greater than that of the State Constitution, we need not separately address the fourteenth amendment issue. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983); *see also Oyler v. Boles*, 368 U.S. 448, 452 (1962); *State v. Morehouse*, 120 N.H. 738, 743, 424 A.2d 798, 801 (1980).

█ This court has held that the enhanced sentencing statute under which the plaintiff was sentenced meets the constitutional notice requirement by clearly delineating that the enhanced sentencing provision is applicable to all crimes. *State v. Morehouse, supra* at 743, 424 A.2d at 801. Similarly, the United States Supreme Court has held that ". . . due process does not require advance notice that the trial on the substantive offense will be followed by a habitual criminal proceeding." *Oyler v. Boles*, 368 U.S. at 452.

The petitioner was tried, convicted, and sentenced to an extended term under RSA 651:6 in 1974. In 1981, RSA 651:6, II was amended to require notice of an intent to request an extended term of imprisonment prior to trial. Superior Court Rule 99-A was added in 1982 to require the prosecutor to give notice to the defendant prior to trial and to file a copy with the clerk. This court has decided two cases since 1981 regarding the statutory notice requirement, but neither has addressed individualized notice as a constitutional due process requirement or considered overruling *State v. Morehouse. See State v. Toto*, 123 N.H. 619, 465 A.2d 894 (1983); *State v. Coppola*, 130 N.H. 148, 536 A.2d 1236 (1987).

██ In 1983, we held that the statutory notice requirement embodied in RSA 651:6, II, as amended in 1981, applies not only to prosecutors but also to judges seeking to invoke the extended

sentencing provisions *sua sponte. State v. Toto, supra* at 624–25, 465 A.2d at 898. In 1987, we examined the statutory notice requirement and determined that a failure by the prosecutor to specify in the pre-trial notice the particular grounds which would be relied upon for requesting extended term sentencing will not render the extended term sentencing statute inapplicable unless the defendant can show actual prejudice. *State v. Coppola, supra* at 154–55, 536 A.2d at 1240–41. Thus, the plaintiff's argument, that even though the statute was silent as to any pre-trial notice at the time of his sentencing in 1974, he had a due process right to such notice, is not supported by New Hampshire law. Due process does not require that the State give particular defendants individual pre-trial notice that they may be subject to extended term sentencing.

█ We need not address issues raised in the notice of appeal relating to the plaintiff's extradition to New Hampshire and forced return to Massachusetts because the plaintiff did not brief them. Issues raised in a notice of appeal that were not briefed are deemed waived. *State v. Lillios,* 128 N.H. 385, 386, 515 A.2d 1198 (1986); *Daboul v. Town of Hampton,* 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

*Affirmed.*

All concurred.