Hillsborough
No. 87-100

ASHLEY A. MILLER & a.

v.

CHARLES P. BASBAS

December 30, 1988

*Law Firm of Robert H. Rowe,* of Amherst (*Robert H. Rowe* on the brief and orally), for the plaintiffs, Elaine and Ched Miller.

*Michael, Jones & Wensley,* of Rochester (*Franklin C. Jones* on the brief and orally), for the defendant.

THAYER, J. In September, 1984, the plaintiffs, individually and on behalf of their daughter, commenced a civil suit against the defendant, Charles Basbas, for allegedly sexually abusing their then 3 1/2-year-old daughter. The plaintiffs presently appeal the February 26, 1987 decision of the Superior Court (*Dalianis,* J.) dismissing the case with prejudice for failing to comply with the court's discovery order. The procedural history spans a three-year period during which the defendant sought to have the minor child deposed, and the parents sought to prevent the deposition.

The plaintiffs raise the following issues on appeal: (1) in a civil suit regarding alleged sexual abuse, is the plaintiff child of tender age an incompetent witness in a deposition and trial, and as such is the child unavailable as a witness, thereby allowing the testimony of the child to fall within one of the hearsay exceptions; and (2) does the trial court's dismissal of the case and its refusal to allow hearsay testimony violate the minor child's right to a remedy at law under the New Hampshire Constitution, part I, article 14. The superior court dismissed the plaintiffs' action, and for the reasons that follow, we affirm. We note, at the outset, that we will not address the first issue raised by the plaintiffs because they failed to preserve it.

In September, 1984, the plaintiffs, individually and on behalf of their child, initiated a civil tort action seeking monetary damages from the defendant for the sexual assault of their infant child. Thereafter, the defendant filed a special appearance denying the allegation of sexual assault and, on October 23, 1984, sought to depose the child in order to prepare for his defense. The plaintiffs filed a motion to quash the deposition, claiming that depositions were scheduled to intimidate the plaintiffs and not in good faith, and objecting generally to having their 3-year-old daughter deposed. On December 17, 1984, a non-evidentiary hearing was held on the plaintiffs' motion to quash. The Trial Court (*Goode,* J.) ordered that the "[d]eposition of any adult witness may be had as provided for by law. Deposition of the minor child, if any, is deferred pending a showing of need and establishment of appro-

priate setting." The record does not reveal any motion or pleadings by the plaintiffs in response to this order.

The defendant deposed the parents of the child-plaintiff pursuant to the December order. On August 13, 1985, the defendant filed a motion to take a video-tape deposition of the minor on the ground that, having deposed the parents, he had determined that the deposition of the child was essential to the proper presentation of his defense, and that he had no other way of obtaining the information because neither adult had witnessed the alleged tortious conduct. In his motion, the defendant also requested that the court appoint a commissioner to oversee the deposition, and that the court establish an appropriate setting for the deposition. The plaintiffs objected to the defendant's motion, claiming that all the adult witnesses had not yet been deposed, and that until the depositions of the physician and the psychotherapist had been taken, there was no need to take the deposition of the minor child.

On September 20, 1985, the Superior Court (*Murphy*, J.), after a non-evidentiary hearing, granted the defendant's motion and in its order stated "that it is necessary to perpetuate the testimony of the minor child, as further delay is likely to impair the child's ability to recall and relate the facts of the alleged tortious acts . . . ." The court granted the defendant's motion on the following conditions: (1) that prior to taking the deposition, the child's therapist shall file a report with recommendations for additional guidelines for taking the video-tape deposition; (2) that the deposition take place in the presence of one or both of the child's parents and of her therapist; (3) that anatomically correct dolls be provided; and (4) that the deposition be taken in a home setting, with a master present. The record does not reveal any objection by the plaintiffs to that order.

The child's therapist filed a report with the court, which advised the court against deposing the child because of the trauma that would result. The report stated, in part, that "[i]t would not be advisable to subject a now-functioning school-age child to recall and relive this trauma. Under these circumstances, the court must rely upon information provided without any further involvement of the victim." The Superior Court (*Murphy*, J.) responded to the letter on January 31, 1986, supplementing its prior order by noting that the report "goes beyond the scope of the order of September 20, 1985 requesting her recommendations relative to guidelines for the taking of deposition of the child; failing receipt of such recommendations, the remaining provisions of the order of September 20, 1985 are in effect and the deposition conducted in accordance

therewith." The defendant asserts that he continued to try to depose the child, and the plaintiffs continued to refuse.

On March 10, 1986, the plaintiffs again filed a motion to quash the video-tape deposition, claiming that the defendant had not yet deposed the child's doctor and therapist and that, based on the therapist's advice, the plaintiff parents would not involve the plaintiff child in the litigation as a trial witness, and would seek to present their evidence through the testimony of others. In turn, on March 18, 1986, the defendant filed a motion to compel discovery and for sanctions, to which the plaintiffs objected on March 25, 1986.

A hearing regarding the motion to quash depositions was held before Justice Dalianis on April 14, 1986. The plaintiffs contended that the testimony of the child should be introduced at trial through hearsay statements because of the substantial harm that would result to the child if she were to testify or be deposed. They also argued that such a young child could not offer valid testimony. At the hearing, the plaintiffs had the child's therapist and a doctor available to testify about the inability of the child to recall the event and the possible trauma that would result in allowing the child to do so. Although the plaintiffs had expert witnesses available to support their motion to quash, the court did not hear testimony. In a May 29, 1986 order, Justice Dalianis ruled:

> "The Court has determined that the prior Orders of December 17, 1984 (Goode, J.), and September 20, 1985 (Murphy, J.), are the law of the case and are dispositive of the issues in dispute. Therefore, in accordance with the Court's previous Orders, defendant must take the depositions of Dr. Straughn and Ms. Davidson, and subsequently, if he believes [the child's] deposition is essential, may take a videotape deposition in accordance with the guidelines stated in the Court's Order of September 20, 1985."

Accordingly, the court denied the motion to quash the deposition and present the testimony of the minor child through hearsay evidence.

On June 18, 1986, the plaintiffs filed a motion for rehearing and to set aside. The defendant objected and on July 9, 1986, the Court (*Dalianis*, J.) denied the plaintiffs' motion. Thereafter, the defendant complied with the May 29, 1986 court order by deposing the child's doctor and therapist. The defendant attempted to schedule a deposition of the child, and the plaintiffs continued to refuse to permit it. On November 11, 1986, the defendant filed another motion to compel deposition of the child and for sanctions. The

plaintiffs objected on the grounds that the defendant intentionally delayed deposing the adult witnesses, that the child was not competent, that the child could be psychologically harmed, and that the burden rested on the defendant to show that the deposition was essential.

On December 19, 1986, the Superior Court (*Dalianis*, J.) held a hearing on the defendant's motion. During the hearing, the plaintiffs' counsel represented to the court that if the defendant's motion was granted, the plaintiffs would drop the case rather than expose their child to a review of the alleged incident. In a January 16, 1987 order, Justice Dalianis noted that courts have discretionary authority regarding discovery. The court went on to rule that:

> "In the instant case, it is evident that the court exercised its discretion in its September 20, 1985 order which granted the defendant's request to take [the child's] video deposition under certain circumstances. The issue of the defendant having to show the need for [the child's] deposition is moot, having already been decided by the September 20, 1985 order. The effect of that order was essentially reiterated by the court's order of May 29, 1986. Consistent with the court's order of May 29, 1986, the defendant has now deposed all of the adult witnesses and is entitled to depose [the child] if he feels it is essential to do so."

The court dismissed the plaintiffs' entire action with prejudice unless the plaintiffs refiled their case with the proper assurance that they would allow the child to be deposed.

On February 9, 1987, the plaintiffs filed a motion to set aside the dismissal and for a rehearing. On February 26, 1987, the Trial Court (*Dalianis*, J.) denied the plaintiffs' motion, stating: "Motion denied. Exception noted."

The first issue raised by the plaintiffs has two parts. The first part is whether a plaintiff child of tender age is competent to be deposed or to testify at trial, when it could be emotionally harmful to the child to recall the events that are the subject of her lawsuit, and when the child allegedly would not be able to offer meaningful evidence. The second part is whether a young child's testimony should be allowed into evidence through the hearsay testimony of the parents, the child's physician, and her therapist.

We will first address the defendant's argument that the issues presented by the plaintiffs are procedurally barred from review. As the above facts indicate, the defendant sought to depose the plaintiff child. The plaintiffs objected originally to the deposition

on the grounds that it was an intimidation tactic, that it would be counter-productive and that deposition of the child, if it were to be taken, should be done in a supervised, non-threatening manner. Accordingly, Justice Goode, in his order of December 17, 1984, deferred taking the child's deposition until there was "a showing of need and establishment of [an] appropriate setting." The plaintiffs never objected to this order. In fact, they understood the order to mean the child could be deposed, as indicated in their March 10, 1986 pleadings.

Subsequent to Justice Goode's order, the defendant filed a motion to take a video-tape deposition of the child. The plaintiffs once again objected to the motion on the grounds that the defendant had failed to depose all adult witnesses, that the defendant had to show a need to depose the child in compliance with the court's earlier order, and that more detailed and complete information could be obtained through the child's physician and psychotherapist. During the hearing before Justice Murphy, the plaintiffs' counsel argued that if the deposition is to be taken it should be taken in an appropriate setting determined by an appropriate medical authority. In disposing of this motion, Justice Murphy determined that the child should be deposed. The court ruled on September 20, 1985, that "it is found upon hearing that it is necessary to perpetuate the testimony of the minor child . . . ," and went on to articulate the guidelines under which the deposition would be taken.

Subsequently, without their having filed a timely objection to the September 20, 1985 order, and following numerous requests by the defendant to take the child's deposition, the plaintiffs filed a motion to quash on March 10, 1986. In that motion, they argued that the defendant had failed to comply with Justice Goode's order that all adults be deposed, and articulated new arguments why the deposition should not be taken. They argued that the child was unable to recall the event and that deposing the child could have harmful psychological effects on the child. These, however, were new objections to the deposition which had not been previously raised before Justice Goode. Furthermore, the plaintiffs did not offer any reasons why the new objections were not raised before Justice Goode. The plaintiffs once again try, before this court, to advance their new allegations that the child could be harmed and that her testimony would not offer any meaningful evidence. We have previously noted, however, that a party cannot raise alternative allegations or claims on appeal that were not considered below. *See Bayer v. Bayer*, 123 N.H. 780, 786, 465 A.2d 900, 904 (1983); *Dubois v. Dubois*, 122 N.H. 532, 536, 446 A.2d 1181, 1183

(1982); *Carbur's, Inc. v. A & S Office Concepts, Inc.*, 122 N.H. 421, 423, 445 A.2d 1109, 1111 (1982). Because the plaintiffs did not raise these allegations or claims before Justice Goode, they did not afford the judge an opportunity to consider the arguments, and it is therefore not proper for us to consider them now. To do otherwise would be to allow the plaintiffs to relitigate the same issues every time they raised a new or different ground for relief. This would hardly aid in bringing litigation to an end, nor would it be an efficient use of judicial resources. *See Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711 (1987).

■ The plaintiffs further assert, before this court, that the defendant's attempts to depose the child were not a good faith use of discovery. They argue that the defendant's efforts to depose the child were merely an attempt to win the case through non-suit or default, because the defendant knew that the plaintiffs would rather default the case than allow their child to be deposed. This claim was raised before Justice Goode in the plaintiffs' motion to quash depositions and, therefore, is entitled to consideration by this court. However, the plaintiffs never raised this argument at the hearing, nor did they offer any proof substantiating their claim. In his ruling, Justice Goode made no finding of bad faith; rather, he ruled that the deposition could be taken upon a showing of need and establishment of an appropriate setting. Justice Murphy's subsequent finding of necessity further negates the plaintiffs' arguments of bad faith. In addition, we note that the defendant suggested the child's deposition be taken under certain guidelines to protect the child. Accordingly, we hold that the plaintiffs have not demonstrated that the defendant's attempts to depose the child were a bad faith use of discovery.

■ Although we have found a procedural bar to the raising of plaintiffs' issues, we observe that "the use of depositions and discovery . . . has been given a broad and liberal interpretation in this jurisdiction," *Durocher's Ice Cream Co. v. Peirce Construction Co.*, 106 N.H. 293, 294–95, 210 A.2d 477, 478 (1965), and that control over the breadth and scope of pre-trial discovery is left to the sound discretion of the trial judge. *Id.* Even if we were to consider the plaintiffs' procedurally barred arguments that the child may be unable to remember the events, and that the child may be psychologically harmed, they have failed to show an abuse of discretion. The plaintiffs fail to understand that the child's inability to remember is certainly relevant to the defendant's

defense. Furthermore, it is evident, from the guidelines the trial court established for taking the deposition, that it considered the potential harm to the child.

■ As Justice Dalianis ruled, because the deposition had been found to be necessary and because the defendant had deposed all the adults, in accordance with the September 20, 1985 order, the defendant was entitled to depose the child. Accordingly, we hold that because the defendant had complied with the September 20, 1985 order, Justice Dalianis did not abuse her discretion.

■■ Because the plaintiffs indicated that they would not allow the child to be questioned concerning the matters in dispute, Justice Dalianis was correct in dismissing the case with prejudice unless the plaintiffs assured the court that they would allow the child to be deposed. It is within the sound discretion of the trial court to dismiss the case for failure to comply with the court's discovery order, particularly when the plaintiffs represented to the court that they would rather drop their case than allow the child to be deposed. *See Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 488–89 (S.D. Fla. 1984); *Preface*, SUPER. CT. RS.; 27 C.J.S. *Dismissal & Non-suit* § 59 (1959). Because the case was properly dismissed for failure to comply with the discovery order, we need not address plaintiffs' claim that hearsay testimony should be admissible at trial.

■■ On the second issue raised by the plaintiffs, they argue that they were denied their right to a remedy at law, under part I, article 14 of the New Hampshire Constitution, when the trial court refused to admit hearsay evidence and dismissed the case. Because the case was properly dismissed for failure to comply with a court order, we need not address the hearsay aspect of this claim. We find no merit in the plaintiffs' claim that the lower court's dismissal denied them their constitutional rights. The plaintiffs were denied access to the courts because of their knowing and willful disregard of a prior discovery order. Since the dismissal of the plaintiffs' action was proper, it is hardly a violation of part I, article 14 of the New Hampshire Constitution. *See Preface*, SUPER. CT. RS.; 27 C.J.S. *Dismissal & Non-suit* § 59 (1959). Accordingly, the lower court's dismissal of the case is affirmed. We deny, however, the defendant's request to assess costs and attorney's fees pursuant to Supreme Court Rule 26(4).

*Affirmed.*

All concurred.