Original
No. LD-95-009

BRUZGA'S CASE

May 11, 1998

*Paul A. Maggiotto*, of Concord, by brief and orally, for the committee on professional conduct.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Jack B. Middleton* and *Scott H. Harris* on the brief, and *Mr. Middleton* orally), for the respondent.

BRODERICK, J. We have accepted several questions transferred without ruling by a Judicial Referee (*Dunn*, J.), requiring us to determine whether and to what extent the doctrine of offensive collateral estoppel applies to attorney discipline proceedings. We conclude that it may apply when the burden of proof in a prior proceeding equals or exceeds the clear and convincing burden governing the disciplinary proceeding. For the reasons recited below, however, we hold that collateral estoppel does not apply in the present case, and remand.

The Superior Court (*McHugh* and *McGuire*, JJ.), approving the Marital Master's (*Martha W. Copithorne*, Esq.) recommendations, twice found the respondent, Paul W. Bruzga, in civil contempt during post-divorce proceedings involving the custody of his children, and the Superior Court (*Smukler*, J.) imposed sanctions. On the basis of the conduct underlying the contempt and sanctions orders, the Supreme Court Committee on Professional Conduct (committee) petitioned for the respondent's disbarment. *See* SUP. CT. R. 37(13)(a). We referred the matter to a judicial referee for a hearing. *See* SUP. CT. R. 37(13)(e). The committee moved to preclude

relitigation of the facts found in the underlying proceedings pursuant to the doctrine of offensive collateral estoppel. The referee transferred the issue to us without ruling.

It is well established that the doctrine of collateral estoppel serves the dual purpose of "promoting judicial economy and preventing inconsistent judgments." *State v. Grimshaw*, 128 N.H. 431, 436, 515 A.2d 1201, 1205 (1986). For it to apply in a particular proceeding,

> the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. Further, the party to be estopped must have had a full and fair opportunity to litigate the issue, and the finding must have been essential to the first judgment.

*Simpson v. Calivas*, 139 N.H. 1, 7, 650 A.2d 318, 323 (1994) (quotation and citations omitted). If applied, collateral estoppel may "bar a party to a prior final judgment from relitigating any fact actually determined in the prior litigation." *Petition of Breau*, 132 N.H. 351, 359, 565 A.2d 1044, 1049 (1989).

■ "Offensive" application of collateral estoppel, such as the committee seeks, "results in determining an issue of fact over the actual or potential objection of a present respondent, by applying the determination reached in a prior proceeding in which the respondent was also a party." *Id.* Collateral estoppel should not be mechanically applied. *See State v. Johnson*, 134 N.H. 498, 502, 594 A.2d 1288, 1291 (1991). Rather, it should be employed with reason, equity, and fundamental fairness as ultimate goals. *See id.; see also In re Owens*, 532 N.E.2d 248, 251-52 (Ill. 1988); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

■ The purposes of collateral estoppel are reflected, to some degree, in our rules governing professional conduct proceedings. For example, after an attorney is convicted of a "serious crime," defined as any felony and certain lesser crimes, *see* SUP. CT. R. 37(7)(b), we may immediately suspend the attorney, pending the final disposition of the formal disciplinary proceeding. SUP. CT. R. 37(7)(a). The disciplinary proceeding, however, is limited to determining an appropriate sanction. SUP. CT. R. 37(7)(d). Similarly, a final adjudication of attorney misconduct in another jurisdiction is *prima facie* evidence of misconduct in our disciplinary proceedings, and we may impose immediate discipline once notified of foreign

discipline. SUP. CT. R. 37(10). These procedures, which effectively preclude relitigation of underlying essential facts, are fully consistent with our obligation to protect the public and the integrity of the profession, to maintain public confidence in the bar, and to prevent future misconduct. *See Basbanes' Case*, 141 N.H. 1, 6, 676 A.2d 93, 96 (1996).

■ We hold that the doctrine of offensive collateral estoppel may be applied in attorney discipline proceedings when a prior proceeding was subject to a burden of proof equaling or exceeding the clear and convincing burden governing disciplinary proceedings. *See Henderson's Case*, 141 N.H. 805, 806, 694 A.2d 973, 974 (1997) (clear and convincing standard applied in discipline matter); *Aubert v. Aubert*, 129 N.H. 422, 427-28, 529 A.2d 909, 912-13 (1987) (successful criminal prosecution can bar defendant from relitigating liability and causation in subsequent civil action because of higher burden of proof in prior action); *see also Bar Counsel v. Board of Bar Overseers*, 647 N.E.2d 1182, 1184-85 (Mass. 1995). Properly applied, having due regard for the equitable considerations set forth in the RESTATEMENT (SECOND) OF JUDGMENTS § 29, collateral estoppel in the professional discipline context will instill greater public confidence in the bench and bar while promoting the judicial goals of fairness, efficiency, consistency, and finality. *See Bar Counsel*, 647 N.E.2d at 1185. Moreover, the equitable and circumspect use of offensive collateral estoppel resolves any countervailing policy concerns that would otherwise justify excepting attorneys from its preclusive effect. *See, e.g., Johnson*, 134 N.H. at 502, 594 A.2d at 1291 (collateral estoppel in criminal setting must be applied "with realism and rationality," and not hypertechnically); *Bar Counsel*, 647 N.E.2d at 1185; RESTATEMENT (SECOND) OF JUDGMENTS § 29, at 291-92 (1982) (list of equitable considerations).

Use of offensive collateral estoppel in the attorney discipline context precludes relitigation of only those facts essential to a prior disposition. *Simpson*, 139 N.H. at 7, 650 A.2d at 323. We retain the sole authority to determine whether the facts implicate an ethical violation and, if so, what professional discipline is warranted. *See* SUP. CT. R. 37(1)(a); *Petition of Brooks*, 140 N.H. 813, 817, 678 A.2d 140, 142 (1996). Of course, either party may still present evidence and litigate facts concerning the alleged violation and appropriate sanctions that are not otherwise subject to collateral estoppel.

■ We recognize that our holding expands the Supreme Court Rules, which permit only foreign disciplinary matters and certain criminal convictions to have a collateral estoppel effect upon

professional conduct proceedings. *See* SUP. CT. R. 37(7)(a), (d), (10). Fundamental fairness, therefore, dictates that collateral estoppel not apply in any disciplinary matter in which the prior proceeding predates this opinion. *Cf. In re Owens*, 532 N.E.2d at 251 (defendant in initial action with relatively minimal damages may have little incentive to vigorously litigate initial suit, absent reason to foresee future litigation involving the same conduct). Such prior proceedings, however, may still have preclusive effect pursuant to Supreme Court Rules 37(7) and (10).

Even assuming, without deciding, that the burden of proof in Bruzga's civil contempt and sanction proceedings equaled or exceeded the clear and convincing standard applicable to disciplinary proceedings, we do not apply collateral estoppel in this case because the prior proceedings predate this opinion. Accordingly, the respondent is entitled to a *de novo* hearing before the referee on the facts underlying the committee's petition for his disbarment.

*Remanded.*

All concurred.