Rockingham
No. 98-064

EDWARD WARREN

v.

TOWN OF EAST KINGSTON

September 6, 2000

250

*Marshall Law Office*, of East Kingston (*Keri J. Marshall* on the brief and orally), for the plaintiff.

*Sanders & McDermott, P.L.L.C.*, of Hampton (*Lawrence M. Edelman* on the brief and orally), for the defendant.

NADEAU, J. The plaintiff, Edward Warren, appeals an order of the Superior Court (*McHugh*, J.) dismissing his action for equitable relief against the defendant, the Town of East Kingston, on the ground that the issues in the present action mirrored those in his previously decided civil case. We affirm in part, reverse in part, and remand.

In November 1995, the plaintiff filed a three-count writ in superior court seeking damages for "conspiracy to deprive fire fighter of privileges," defamation, and negligence. Although styled as a conspiracy claim, the first count was in substance a claim for wrongful termination from his positions as deputy fire chief and fire fighter for the East Kingston Fire Department.

The plaintiff alleged that the chief of the East Kingston Fire Department and the East Kingston Board of Selectmen conspired to deprive him of his job and his "fire fighting privileges," and that his termination violated the East Kingston Fire Department's standard operating procedures. The other two counts are not implicated in our analysis of the present case.

In February 1996, the plaintiff filed an equity action in superior court requesting reinstatement as deputy fire chief and as a volunteer fire fighter with the East Kingston Fire Department, reinstatement as deputy forest fire warden for the East Kingston district, and that the defendant be enjoined from denying the plaintiff access to the facilities of the East Kingston Fire Department. In addition to repeating the allegations set forth in his writ, the plaintiff also contended in the equity action that since his dismissal, he "has been offered similar positions with the East Kingston Rescue Squad and with the Office of Emergency Management, but the Board of Selectmen have blocked [his] appointment to these positions."

The defendant filed a motion to dismiss the plaintiff's writ dated August 22, 1996. The trial court dismissed the claim for wrongful termination for failure to state a cause of action. The plaintiff's motion to reconsider was denied. The plaintiff appealed the dismissal to this court. On June 12, 1997, we summarily affirmed the trial court's decision. *Edward Warren v. Town of East Kingston & a.*, No. 97-062 (N.H. June 12, 1997).

In December 1997, the defendant moved to dismiss the equity action, arguing that it was barred by res judicata and collateral estoppel. On January 2, 1998, the trial court granted the motion, reasoning that "[t]he issues in the within equity action mirror those of the previously decided civil case . . . which in turn were considered by our Supreme Court."

On appeal, the plaintiff argues that the trial court erred in dismissing the equity action. The defendant counters that the plaintiff has waived his arguments against the application of res judicata and collateral estoppel because he failed to raise them below. We disagree. The defendant's motion to dismiss clearly argued that res judicata and collateral estoppel barred the plaintiff's equity action. The plaintiff stated in his objection to the motion that the defendant argued that "because the civil action was dismissed, the equity action must also fail." This statement was a reference to the defendant's res judicata and collateral estoppel arguments. Because the trial court had an opportunity to consider the application of res judicata and collateral estoppel, the plaintiff's arguments concerning these issues have not been waived. *Cf. State v. Schachter*, 133 N.H. 439, 440, 577 A.2d 1222, 1223 (1990); *Miller v. Basbas*, 131 N.H. 332, 337-38, 553 A.2d 299, 302-03 (1988).

We also reject the defendant's argument that the plaintiff has waived any argument in opposition to the application of res judicata

because he failed to brief it. Although the plaintiff has couched his argument in "collateral estoppel" terminology, he refers to issues relating to res judicata in his brief. We will therefore address both collateral estoppel and res judicata. *Cf. Aubert v. Aubert*, 129 N.H. 422, 425, 529 A.2d 909, 911 (1987).

■ "Collateral estoppel precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party." *In re Alfred P.*, 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985).

> For it to apply in a particular proceeding, the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. Further, the party to be estopped must have had a full and fair opportunity to litigate the issue, and the finding must have been essential to the first judgment.

*Bruzga's Case*, 142 N.H. 743, 745, 712 A.2d 1078, 1079 (1998) (quotation omitted).

The plaintiff concedes that he was a party to both actions. Furthermore, the plaintiff has waived any argument on the issue of whether the trial court's findings were essential to the dismissal due to his failure to brief the issue. *See Stewart v. Cunningham, Warden*, 131 N.H. 68, 71, 550 A.2d 96, 98 (1988). Therefore, we need not address those conditions of collateral estoppel.

The plaintiff argues that the issues in the equity action relating to his positions with the East Kingston Fire Department are not identical to the issues in the civil action requesting damages for wrongful termination. The plaintiff concedes in his brief, however, that they are "arguably" the same as "[b]oth theories address [the plaintiff's] belief that the Board of Selectmen and Chief Davis conducted an improper and unfair termination hearing."

The plaintiff attempts to distinguish the issues in the two actions by arguing that the equity action maintained that his termination violated the rules and procedures for termination set forth in the East Kingston Fire Fighter's Policy and Procedure Manual, and therefore violated public policy. This argument is without merit because his writ in the civil action alleged that his termination violated "the East Kingston's Fire fighters [*sic*] Standard Operating Policy." Therefore, we conclude that the issues relating to the plaintiff's positions as deputy fire chief and volunteer fire fighter

with the East Kingston Fire Department are identical in each action.

The condition that the first action finally resolved the issue on the merits is also satisfied. The trial court's dismissal of the plaintiff's claims for wrongful termination for failure to state a cause of action was a final judgment on the merits. *See ERG, Inc. v. Barnes*, 137 N.H. 186, 189, 624 A.2d 555, 557 (1993). "A dismissal for failure to state a cause of action does not rest upon a purely procedural ground, but rather upon the conclusion of the trial judge that the cause alleged is without substantive merit." *Id.* (quotation omitted). Such a dismissal will have preclusive effect once the plaintiff has been given leave to amend and "the plaintiff fails to amend or the amendment fails to cure the deficiency." *Id.* at 189, 624 A.2d at 558.

■ Although the superior court order on its face dismisses the action without giving express leave to amend, it does so implicitly by stating that "it will address the substance of [the] counts so as to avoid future hearings in this matter should the plaintiff seek to amend his writ." We conclude that on the facts of this case, the plaintiff was given an opportunity to amend. Because he did not seek to amend, the dismissal operates as a final judgment on the merits. *See id.* at 189, 624 A.2d at 557.

Finally, the dismissal for failure to state a cause of action also satisfies the condition that the plaintiff be given a full and fair opportunity to litigate the issue in the first action. The plaintiff had an opportunity to state his case in his writ, in his objection to the defendant's motion to dismiss, and at the trial court's hearing on the motion to dismiss.

We note that the plaintiff's argument that the dismissal of the civil action for failure to state a cause of action did not resolve the equity action on the merits fails because collateral estoppel requires only that the first action be resolved on the merits. *See Bruzga's Case*, 142 N.H. at 745, 712 A.2d at 1079.

Similarly, the plaintiff's argument that he did not have a full and fair opportunity to litigate or amend the equity action also fails because collateral estoppel requires only that he be given an opportunity to do so in the first action. *See id.*

Finally, the plaintiff's argument that new evidence he gathered after dismissal of the first action precludes application of collateral estoppel is without merit. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment c at 253 (1980).

■ Accordingly, we conclude that collateral estoppel precludes the plaintiff from relitigating issues relating to his positions as

deputy fire chief and volunteer fire fighter with the East Kingston Fire Department. Because of this conclusion, we need not consider whether res judicata applies to these issues.

In his equity petition, the plaintiff claimed for the first time that the defendant wrongfully dismissed him from his position as deputy forest fire warden in violation of RSA 224:9 (1989) (repealed effective Jan. 1, 1996). At oral argument, the defendant conceded that neither res judicata nor collateral estoppel bars this claim. Valid alternative grounds exist, however, to support its dismissal. *See Echo Consulting Services v. North Conway Bank*, 140 N.H. 566, 569, 669 A.2d 227, 230 (1995).

RSA 224:9 provided that "[t]he director of the division of forests and lands shall have the power . . . to remove any . . . deputy warden . . . from office." The director of the division of forests and lands is an officer of the State of New Hampshire Department of Resources and Economic Development. RSA 12-A:9-a (1988). The equity petition fails to allege grounds that would support a claim against the town for wrongful dismissal in violation of RSA 224:9 because RSA 224:9 does not address the authority of towns to dismiss deputy forest fire wardens.

■ The plaintiff, therefore, failed to state a claim upon which relief could be granted because the allegations in his pleadings were not "reasonably susceptible of a construction that would permit recovery." *Ronayne v. State*, 137 N.H. 281, 283, 632 A.2d 1210, 1211 (1993) (quotation omitted). Thus, while the plaintiff may have a claim against the State for wrongful dismissal in violation of RSA 224:9, the trial court properly dismissed this claim against the defendant.

The plaintiff also alleged for the first time in his equity petition that since his dismissal, the defendant has "blocked" his appointment to new positions. "The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711-12 (1987) (quotation omitted). "Cause of action" refers "to all theories on which relief could be claimed on the basis of the factual transaction in question." *Id.* at 275, 525 A.2d at 712.

The plaintiff's allegation that the defendant has "blocked" his appointments to positions since his dismissal appears to involve events subsequent to his dismissal, and therefore is not based upon the same allegations of fact as his claims for wrongful termination.

*See id.* Thus, any claim relating to this allegation is not the same "cause of action" for purposes of res judicata. *See id.* For the same reason, this allegation is not identical to the issues in the first action for purposes of collateral estoppel. *See Bruzga's Case,* 142 N.H. at 745, 712 A.2d at 1079.

■ Accordingly, the claim that the defendant "blocked" the plaintiff's appointment to new positions is not precluded by the dismissal of the civil action, and the trial court erred in dismissing it.

■ Finally, we reject the plaintiff's argument that the trial court erred in dismissing his equity action without first conducting a hearing because neither the plaintiff nor the defendant requested a hearing. *See* SUPER. CT. R. 58.

We have reviewed the plaintiff's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel,* 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

In sum, we reverse the trial court's dismissal to the extent it dismissed any claim arising from the allegation that the defendant "blocked" his appointment to positions with the East Kingston Rescue Squad and with the Office of Emergency Management, and we remand for further proceedings relating to this claim since it appears to involve events subsequent to his dismissal. With respect to all other issues in the plaintiff's claim for equitable relief, we affirm the trial court's dismissal.

*Affirmed in part; reversed in part; remanded.*

BROCK, C.J., sat for oral argument but did not take part in the final vote; JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; HORTON and DALIANIS, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.