**EnergyNorth v. AEGIS et al.          CV-95-591-B   06/05/02**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Energy North Natural Gas, Inc.**

    **v.**                                                    Civil No. 95-591-B
                                                                        **Opinion No. 2002 DNH 111**
**AEGIS, et al.**


## MEMORANDUM AND ORDER

Plaintiff has brought this diversity-based declaratory judgment action seeking a declaration that defendants, who were liability insurers of plaintiff's predecessors-in-interest between 1971 and 1986, must indemnify it for costs incurred (and to be incurred) in investigating and remediating environmental contamination at and near its manufactured gas plant in Concord, New Hampshire. Plaintiff brought a parallel declaratory judgment action in state court against two of its predecessors' New Hampshire-domiciled insurers, seeking reimbursement for the same costs under materially identical liability policies covering, *inter alia*, the same years. One defendant in the state court action settled; the other prevailed when the New Hampshire Supreme Court affirmed a superior court judgment holding that the

contamination did not occur pursuant to an "accident" within the meaning of the policies in question.  See EnergyNorth Natural Gas, Inc. v. Continental Ins. Co., 781 A.2d 969, 971-76 (N.H. 2001) (hereinafter "Continental").

Defendants have moved for summary judgment, arguing that plaintiff is collaterally estopped by Continental from re-litigating in this action whether the environmental contamination for which it seeks insurance coverage occurred pursuant to an "accident" within the meaning of their policies.  See, e.g., Warren v. Town of East Kingston, 761 A.2d 465, 467-68 (N.H. 2000) (prohibiting re-litigation by a party to a later action of any matter the party actually litigated in a prior action, so long as, in the prior action, the issue was finally resolved on the merits, the party to be estopped had a full and fair opportunity to litigate the issue, and the finding was essential to the judgment).  Focusing on the New Hampshire Supreme Court's reasoning,[1] plaintiff concedes that it is estopped from re-

_____

[1]The court rejected plaintiff's "accident" argument because the evidence was that plaintiff's predecessors had engaged in "inherently injurious" conduct by intentionally placing in contact with the environment materials an objectively reasonable gas manufacturer should have known would cause environmental injury.  See Continental, 781 A.2d at 972-76.

litigating whether its predecessors' intentional releases of hazardous waste were events covered by defendants' policies. But plaintiff contends that, because the reasoning of Continental addresses only intentional releases of waste, the opinion does not preclude plaintiff from seeking coverage for contamination caused by leaks, spills, and other entirely inadvertent waste releases, of which plaintiff claims now to have admissible evidence.[2]

Plaintiff's argument fails to differentiate between the issue litigated in Continental and the evidence and arguments plaintiff adduced (and the state courts relied upon) in support of plaintiff's claimed entitlement to prevail on that issue. By determining that the environmental contamination at and near the Concord site did not fall within policy language covering injury to property caused by an "accident," see 781 A.2d at 971-76, Continental adjudicated the legal effect upon an established set of facts of a common provision in liability insurance contracts. Continental thus adjudicated an issue of "ultimate fact" – i.e.,

_____

[2]Defendants contest plaintiff's characterization of the breadth of the holding in Continental, but I shall assume that plaintiff describes it accurately for purposes of this memorandum and order.

-3-

an issue involving the application of law to fact. The prevailing view with respect to such adjudications is that a party may not re-litigate the issue based on new evidentiary facts or new arguments directed at the legal component of the adjudication:

> [I]f the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue.

Restatement (Second) of Judgments, § 27 comment c at 253 (1980) (cited with approval in Warren, see 761 A.2d at 468-69); see also id. illustration 4 (noting that, if an initial proceeding adjudicated that a party to an accident was not negligent, the party against whom the determination was rendered cannot in a subsequent proceeding adduce new facts in support of its negligence claim because "[i]t is reasonable to require [the party asserting negligence] to bring forward all evidence in support of the alleged negligence in the initial proceeding") & illustration 6 (noting that, if an initial proceeding adjudicated that a particular oral contract was not rendered unenforceable by

the statute of frauds, the party against whom that determination was rendered cannot in a subsequent proceeding advance new arguments in favor of applying the statute of frauds).

Although plaintiff has skillfully countered defendants' summary judgment motion, it has not developed an argument against applying the collateral estoppel doctrine notwithstanding the identity between the issue decided in <u>Continental</u> and the issue raised by its pleadings in this case. <u>See</u> <u>generally</u> <u>Restatement (Second) of Judgments</u>, §§ 28 & 29.[3] Indeed, at bottom, plaintiff has done little more than assert that it now has evidentiary facts to which the reasoning in <u>Continental</u> does not speak. As noted above, plaintiff cannot rely upon additional evidentiary facts to forestall application of collateral estoppel to an issue that was fully adjudicated against it in the state courts after

---

[3]Plaintiff makes an unexplained assertion that "the trial court in <u>Continental</u> short-circuited discovery" on the question of inadvertent contamination. But plaintiff does not elaborate this assertion or support it with admissible evidence. <u>See</u> Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

plaintiff had a fair opportunity to muster all relevant evidence and to present those courts with all relevant arguments.[4]

I therefore grant defendants' motion for summary judgment based on the application of collateral estoppel [document no. 246]. The Clerk is directed to enter judgment accordingly and to close the case.

SO ORDERED.

                           _____
                           Paul Barbadoro
                           Chief Judge

June 5, 2002

cc: Doreen Connor, Esq.
    Bruce Felmly, Esq.
    Michael Aylward, Esq.
    Emily Rice, Esq.
    Paul Leodori, Esq.
    John Putnam, Esq.
    John Guarascio, Esq.

--------

[4]In any event, plaintiff's new facts and arguments seem unlikely to establish a covered "accident," given both the unremarkable nature of the inadvertencies to which plaintiff now points and plaintiff's predecessors' long history of continuous, non-accidental environmental contamination at the Concord site. See, e.g., Lumbermens Mut. Cas. Co. v. Belleville Industries, Inc., 938 F.2d 1423, 1427-30 (1st Cir. 1991) (applying Massachusetts law).