Galibois v. Fisher                     CV-04-044-JD   02/15/05

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Joseph F. Galibois

     v.                                Civil No. 04-044-JD
                                       Opinion No. 2005 DNH 024
John Fisher


                            O R D E R


     Joseph F. Galibois, proceeding pro se, brings a "Petition

for Redress," alleging violations of his constitutional rights,

actionable under 42 U.S.C. § 1983, and seeking remedies under 28

U.S.C. § 2201(a) and § 2202.  Specifically, Galibois alleges that

Sergeant John Fisher, an officer with the Nashua Police

Department, interfered with his campaign demonstration on

election day against candidate John F. Kerry and thereby violated

his rights to freedom of expression, due process, and equal

protection.  Fisher moves to dismiss the action on the ground

that the action is barred by the Rooker-Feldman doctrine.[1]

     "The Rooker-Feldman doctrine provides that the district

courts lack jurisdiction over any action that is effectively or

substantially an appeal from a state court's judgment."  Badillo-

_____

     [1]See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923);
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,
476 (1983).

Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004). That is the case when the claims raised in federal court are inextricably intertwined with claims adjudicated in a state court, meaning that "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000); accord Rosenfeld v. Egy, 346 F.3d 11, 18-19 (1st Cir. 2003). A claim is adjudicated in state court, for purposes of the doctrine, if the state's courts would afford the decision preclusive effect.[2] Badillo-Santiago, 378 F.3d at 6.

In New Hampshire, a final judgment by a court of competent jurisdiction is given preclusive effect as to the same parties in subsequent litigation involving the same issues or cause of action. N. Country Envtl. Servs., Inc. v. Town of Bethlehem, 150

---

[2]Although the Rooker-Feldman doctrine is related to the doctrine of claim and issue preclusion, the doctrines have previously operated independently. See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32-33 (1st Cir. 2004). Important policy considerations have long supported the application of each of these doctrines. Traditionally, the Rooker-Feldman doctrine has addressed the limited jurisdiction of the lower federal courts and provided a broader prohibition against re-litigation in the lower federal courts of claims originally decided in state court. See, e.g., Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 (2002); Maymo-Melendez, 364 F.3d at 33; Wilson, 264 F.3d at 125. In light of the history of these doctrines, it is noted that recently, in at least one case, the Rooker-Feldman and preclusion doctrines appear to have been conflated into a single analysis. See Badillo-Santiago, 378 F.3d at 6.

N.H. 606, 620 (2004); accord Patterson v. Patterson, 306 F.3d 1156, 1158 (1st Cir. 2002). Further, a final judgment bars "relitigation of any issue that was or might have been raised with respect to the subject matter of the prior litigation." N. Country Envtl. Servs., 150 N.H. at 620. A judgment dismissing a cause of action for failure to state a claim is entitled to preclusive effect after the plaintiff has had an opportunity to amend the complaint and either fails to do so or any amendment submitted fails to cure the deficiency. Warren v. Town of E. Kingston, 145 N.H. 249, 253 (2000). A judgment is final when no appeal is pending. In re Donovan, 137 N.H. 78, 81 (1993).

Galibois filed a "Petition for Redress" in Hillsborough County Superior Court, Southern Division, on November 4, 2004. In the petition, Galibois alleged that he was campaigning for George W. Bush by wearing a "terrorist costume" and carrying a sign for John Kerry. He alleged that he was dressed all in black including a ski mask, and carrying two empty ammunition bandoliers and "a plastic squirt gun that resembles an AK 47-style rifle." His behavior "included waving [his] hand, gesturing politely, dancing and demonstrating enthusiasm for [his] "'candidate'" in a safe, controlled way in a public area."

Galibois acknowledged in his petition that "[g]iven the racy, attractive and unique nature of my costume, I suspected

3

that local police might question me . . . ."  He alleged that the first police officer was polite and conciliatory but explained that they had received several complaints "about a terrorist on the streets with a rifle."  He alleged that the second officer, Sergeant Fisher, told him that if he continued his actions he would be subject to prosecution and that he had to take off the mask, bandoliers, and rifle.  When Galibois argued, Fisher responded that he was "not playing that game" and told him he had four minutes to comply.  Galibois claimed that Fisher infringed his "Constitutionally protected right to freedom of expression by unlawfully intimidating [him] with a threat of prosecution . . . ."

The state court issued an order on November 5, 2004, dismissing the petition because it failed to state a cause of action.  Galibois did not seek leave to amend the complaint nor appeal that decision, which under state law he had an established right to do.  In his affidavit attached to his objection to the motion to dismiss, Galibois states that he discovered a flaw in his complaint filed in state court but decided to abandon his state claims and concluded that appeal would be worthless.

Instead, on November 24, 2004, Galibois filed a "Petition for Redress" in this court, alleging that on November 2, 2004, he was demonstrating against John Kerry by wearing a "'terrorist

4

costume'" and carrying a sign for Kerry.  Galibois describes his encounter with Fisher, including Fisher's statement that if Galibois did not stop campaigning as he had been doing, he would be subject to prosecution.  In the federal petition, Galibois alleges that the incident violated his constitutionally protected rights to freedom of expression, due process, and equal protection.  He seeks a declaration that Fisher's actions violated his constitutional rights and seeks the same money damages demanded in the petition filed in state court ("$208, payable as $1 per week by Defendant's personal check (none in advance) due every Tuesday until the next Presidential Election").

A comparison of the two petitions shows that the claims Galibois alleges here arise from the same incident and involve the same factual scenario as the claim he alleged in the state court petition.  See Patterson, 306 F.3d at 1158-59.  Because the state petition was dismissed for failure to state a cause of action, Galibois could proceed on his claims alleged here only if the state court wrongly decided that he failed to state a cause of action.  In other words, this court "would be in the unseemly position of reviewing a state court decision for error."  Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003).  That is beyond the jurisdiction of this court.  Therefore,

Galibois's petition must be dismissed for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted. The plaintiff's Petition for Redress is dismissed for lack of subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 15, 2005

cc:   Joseph F. Galibois, pro se
       Brian J.S. Cullen, Esquire